In Re Horace J. Holden.

February Term, 1945.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed March 7, 1945.

*Alban J. Parker,* Attorney General, for the State.

*William R. McFeeters* for the respondent.

Sturtevant, J. This is a proceeding for the disbarment of the respondent, an attorney of this Court. After the respondent filed his answer to the presentment, a commissioner was appointed, a hearing had and findings of fact filed. From the facts found are the following material to the question before us.

The respondent is and at all times here material was an attorney at law of this Court and was the plaintiff's attorney in the trial of Friot v. Jordan, a case tried in Franklin County Court. That trial commenced at 9 o'clock a.m., May 1, 1944, and the jury returned a verdict for the plaintiff on May 3, 1944, at 7:56 p.m. The defendant filed a motion to set the verdict aside because of the alleged misconduct of the respondent as plaintiff's counsel during the trial, that is to say, that during the trial the respondent had entered the jury room in the court house when jurymen serving on the case were there present and had then and there engaged in conversation with some of those jurymen. At a hearing on this motion before the court, the respondent stated as follows. "That from nine o'clock in the morning of May 1, the time of opening of court when this cause went on trial, until the present time I have not been in the jury room in the court house, . . ."

The commissioner finds that on Tuesday, May 2, 1944, shortly before the opening of the afternoon session of court, the respondent was in the jury room and talked with a juror who was then serving on the Friot case and this talk was in the presence of at least two other jurymen who were also serving on that case. On this occasion the respondent was in the jury room not more than five minutes. There is no evidence that this talk had anything to do with the case on trial or any other litigation or that it had to do with court or court procedure. While the court was in recess during the forenoon of May 3, after the arguments in the case on trial had been completed but before it had been submitted to the jury, the respondent was again in the jury room. It does not appear that other men in that room at the time were jurymen on the case nor that the respondent talked with anyone there on that occasion. It is further found that the statement made to the court at the time of the hearing on the defendant's motion to set the verdict aside, denying that he had been in the jury room during the time in question as hereinbefore quoted, was false and must have been known by the respondent to be false.

From the foregoing it appears that the respondent has violated his oath as an attorney which provides that he would do no falsehood in court. While it does not appear that the respondent's presence in the jury room at the times in question was for the purpose of talking with them about any matter related to the case on trial, yet when the court was having a hearing on the motion to set the verdict aside whether the respondent had been in the jury room, as claimed by the defendant, was material to the matter then before the court and it was the respondent's duty to truly state to the court the material facts as he knew them to be.

After full consideration of the facts in this case we are of the opinion that justice will be served by suspension rather than disbarment. That we have authority to suspend in these proceedings appears from *In Re Goodrich,* 111 Vt 156, 160, 11 A2d 325.

*Judgment that said Horace J. Holden is suspended from the office of attorney at law and from the office of solicitor in chancery for the period of six months beginning February 13, 1945, and ending August 12, 1945.*