CORNELIUS BRAMHALL & *al. versus* GEORGE W. SEAVEY & *al.*

The certificate required by Rev. Stat. c. 148, § 2, to authorize the arrest of the debtor, is defective, unless it states not only, that the debtor " is about to depart and reside beyond the limits of this State, with property or means, exceeding the amount required for his own immediate support," but also, that he is about " to take with him, property or means as aforesaid."

To authorize an arrest under the provisions of that statute, the affidavit required by the second section thereof, must be made before a justice of the peace, deriving his power to act, under the authority of *this State*, or the arrest will be considered as made without authority of law ; and a bond given to procure a release from such arrest, will be illegal and void. An affidavit made before a justice of the peace of another State, is not sufficient.

DEBT upon a bond, dated July 13, 1846, given by Seavey, as principal, and the other defendants, as his sureties, to procure

the release of Seavey from arrest on a writ in favor of the plaintiffs against him, with the usual condition of such bond.

The writ on which Seavey was arrested, was an action of assumpsit against him in favor of the present plaintiffs, Bramhall, Fairbanks and Reed, described in the writ as all of Boston, in the county of Suffolk and State of Massachusetts. The writ was originally against Sherburne and Seavey, and Sherburne's name was stricken out by leave of court. The defendants were described as of Portland in the county of Cumberland. For the purpose of authorizing the arrest of Seavey, an indorsement·was made on the back of the writ, of which a copy follows.

"COMMONWEALTH OF MASSACHUSETTS.

"SUFFOLK COUNTY, ss. Boston, July 11th, 1846. Personally appeared I, William N. Fairbanks of Boston, aforesaid, Merchant, and one of the partners in the firm and copartnership of Bramhall, Fairbanks & Co. of said Boston, composed of Cornelius Bramhall, William N. Fairbanks, and Franklin D. Reed, and makes oath, that he has good reason to believe and does believe, that George W. Seavey, late a partner in a firm, in said Boston, styled Sherburne & Seavey, composed of one George W. Sherburne and said Seavey, now commorant at Portland, in the county of Cumberland and State of Maine, is about to depart, and reside beyond the limits of the said State of Maine, with property or means, exceeding the amount required for his own immediate support.  And the said Wm. N. Fairbanks, further makes oath, that the said Sherburne & Seavey in their said copartnership capacity, are indebted to the said Bramhall, Fairbanks & Co. in the full sum of three hundred eighty-four dollars twelve cents, agreeably to a note of hand, by said Sherburne & Seavey signed, of date, June 4th, 1846, which note is due the said Bramhall, Fairbanks & Co., and unpaid.

"Sworn to before me, Stephen Fairbanks, Justice of the Peace, for said County of Suffolk."

It did not appear, that any other oath was made for the purpose of procuring the arrest.

Bramhall v. Seavey.

Seavey was arrested on this writ by a deputy sheriff of the county of Cumberland, and to procure his release, gave the bond in suit.

The plaintiffs entered their action, recovered judgment against Seavey, and seasonably delivered their execution to an officer. No attempt was made to show performance of the condition of the bond.

The parties agreed to submit the action to the decision of the Court, and that a nonsuit or default might be entered.

*Sweat*, for the defendants, contended that the arrest of Seavey upon the writ was illegal, and that therefore, the bond given to procure his release, was given under duress, and entirely void. No arrest can be made in an action upon a contract, unless the oath be first made, according to the provisions of the Rev. Stat. c. 148, § 2. To justify the arrest, there should have been an oath taken before a justice of the peace of this State, and certified upon the process. When such language is used, " before a justice of the peace," in the statutes, a magistrate within the State is always intended. 1 Mass. R. 59; 4 Mass. R. 641 ; Rev. Stat. c. 116 ; 2 U. S. Dig. 89.

*Augustine Haines*, for the plaintiffs, contended that the oath was properly administered by a justice of the peace, in Massachusetts. The statute is expressed in plain and general language, that *any* justice of the peace may administer the oath. A man may as well be a justice of the peace, if he lives in Boston, as if living in Portland. As it is necessary that there should be an oath, that the debt is due, it follows, that unless it can be taken out of the State, it would become necessary for the plaintiff to come to the place where the arrest is made. This could not have been intended. The oath is equally binding, whether taken within or without the State. It appears by the provisions of c. 133, authorizing depositions to be taken by justices of the peace out of the State, that when any justice of the peace is mentioned, justices out of the State may act.

Bramhall *v.* Seavey.

The opinion of the Court, WELLS J. taking no part in the decision, having been counsel for the defendants, was drawn up by

SHEPLEY J. — This suit is upon a bond, executed to relieve the principal, from an arrest on mesne process. Debtors by contract are liable to be arrested on such process in this State, only upon affidavit made by the creditor, his agent or attorney, before a justice of the peace, to be certified on the process, that he has reason to believe and does believe, that such debtor is about to depart and reside beyond the limits of the State, with property or means exceeding the amount required for his own immediate support, and to take with him property or means as aforesaid, and that the demand in the process, or the principal part thereof, amounting to at least ten dollars, is due to him.

The affidavit upon the writ, by virtue of which the principal was arrested, is defective by omitting to state, that the debtor was about " to take with him property or means as aforesaid ;" that is, property or means, exceeding the amount required for his own immediate support. Rev. Stat. c. 148, § 2. The word " with," used in the following extract, from the statute, " when he is about to depart, and reside beyond the limits of this State, with property or means," must have been used in the sense of having or owning property or means, and not as indicating, that he was about to take his property *with* him, beyond the limits of the State. This is apparent from the subsequent provision in the same section, requiring, that the oath should state, not only, that he had property or means, but also, that he was about to take such property or means with him, beyond the limits of the State. It does not appear to have been the intention of the Legislature, that such a debtor, having property and being about to depart and reside without the limits of the State, should be liable to arrest on mesne process, if he did not take his property or means with him, but left it within the State and subject to legal process.

The affidavit appears to have been made in the County of Suffolk, and Commonwealth of Massachusetts, before a person,

who signs the certificate, and indicates the capacity in which he acted, by the words "justice of the peace for said County of Suffolk." The statute requires, that the oath should be made "before a justice of the peace." The question arises, whether such language can be considered as conferring any authority upon officers or persons not recognized by the laws of this State, as holding the office of justice of the peace?

All legislation is obligatory only within the limits of the sovereignty, by which it is enacted. This is a position equally consonant to reason, and established upon authority. *Bank of Augusta* v. *Earle*, 13 Peters, 519 ; *Miller* v. *Ewer*, 27 Maine R. 509. No legislative body can be presumed therefore, to intend by the use of language without limitation, to bind or to confer any authority upon persons not within its jurisdiction. By the use of the terms, executors, administrators and guardians, in the framing of statutes, those persons only can be intended, who are recognized by the laws of the state as clothed with such capacity. So also by the use of the terms, judges of probate, registers of probate, clerks of courts, county commissioners, and justices of the peace, those persons only, who bear that official capacity by the laws of this State, can be intended, although there may be official persons with like designations in other States. One sovereignty may by its enactments, expressly authorize individuals, or those bearing a certain official character and designated by their official titles, residing within the limits of another sovereignty, to do certain acts, and may make those acts effectual within its own sovereignty.

Examples of such legislation will be found in the Revised Statutes of this State, in c. 133, § 14 and 22, authorizing a justice of the peace or notary public to take depositions out of the State, to be used in the tribunals within it. And in c. 91, § 17, authorizing the acknowledgment of deeds to be taken out of the State, by certain official persons, and making them effectual within the State. It is only, when the legislation of the State expressly or by necessary implication, grants the authority, that persons bearing without the limits of this State, an official character, can perform any official act, to be effect-

ual by the laws of this State. Justices of the peace in another State, can derive no power from the laws of the State, where they reside, to perform any official act to be operative in this State.

The case of *Omealy* v. *Newell*, 8 East, 364, is not opposed to these positions. It appears from that case, that the justices of the courts of king's bench and common pleas, according to the course and practice of those courts, had been long accustomed to make orders, that certain debtors should be held to bail for certain amounts. That for this purpose they had received affidavits made before magistrates residing in foreign countries ; and verified as to the signature of the foreign magistrate as his authority to administer the oath by an affidavit made in England. The court decided, that this practice existing without any statute provisions, was not prohibited by the statute 12 Geo. I. c. 29, which required that the plaintiff should in certain cases, make an affidavit before a judge or commissioner, to authorize him to cause his debtor to be arrested. The case does not decide, that an affidavit required by statute could be effectual, if made before a foreign magistrate. The reverse is fairly to be inferred. The practice of the courts, founded, as Lord Ellenborough states, upon any such medium of evidence or information, as the courts might judge to be reasonable, did not sanction such a proceeding, without having an accompanying affidavit made in England, which upon being found to be false, might be a foundation for the punishment of the guilty party.

If the affidavit made upon the writ, by virtue of which the principal in this bond was arrested, should be proved to be false, the person who made it without the jurisdiction of this State, and before a magistrate residing there, could not be punished by the laws of this State.

The arrest of the principal must therefore, be considered as made without the affidavit required by the statute, and without the authority of law. The arrest being unlawful, the bond executed to obtain his release, must be considered as obtained by duress, and no action can be maintained upon it. *White-*

*field* v. *Longfellow*, 13 Maine R. 146; *Commonwealth* v. *Canada*, 13 Pick. 86; *Woolley* v. *Escudier*, 2 Moore and Scott, 392.

According to an agreement of the parties, a nonsuit is to be entered.