CHARLES D. HOLBROOK *vs.* LEON L. LIBBY, et al., Exrs.

Somerset.    Opinion June 29, 1915.

*Affidavit.    Exceptions.    Executors and Administrators.    Laws of Minnesota. Notary Public.    Presentment of Claims against Estates of Deceased Persons.*

1.  By statute, the presentment of a claim against the estate of a deceased person to the executor or administrator in writing, or the filing of the same in Probate Court, supported by the affidavit of the claimant, or of some person cognizant thereof, is a condition precedent to the right to maintain an action thereon; and such presentment or filing must be alleged and proved.

2.  An affidavit made before a notary public in Minnesota in support of a claim against the estate of a deceased person in this State is not sufficient compliance with the statute, unless it be shown that in Minnesota notaries public are authorized to administer oaths.

3.  At common law a notary public had no authority to administer oaths.

4.  In the absence of proof to the contrary, the law of Minnesota is presumed to be like our common law.

On motion and exceptions by the defendant. Motion not considered. Exceptions sustained.

Assumpsit to recover for services claimed to have been rendered by plaintiff to defendant's testate in her lifetime. The plaintiff introduced in evidence his claim filed in Probate Court, supported by an affidavit purporting to have been made before a notary public in Minnesota. The defendant excepted to the admission of said claim. The jury returned a verdict for plaintiff and the defendant filed a motion for new trial.

The case is stated in the opinion.

*Butler & Butler*, for plaintiff.

*Manson & Coolidge*, for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J. Assumpsit to recover for services rendered to the defendant's testate. The verdict having been for the plaintiff, the case comes up on the defendant's motion for a new trial and exceptions. A single point presented by the exceptions is all that we need to consider.

By R. S., Chap. 89, Sec. 14, it is provided that "all claims against estates of deceased persons . . . . shall be presented to the executor or administrator in writing, or filed in the probate court, supported by the affidavit of the claimant, or of some other person cognizant thereof, etc. . . . . Any claim not so presented or filed shall be forever barred against the estate etc." By this statute, the presentment or filing of a claim is made a condition precedent to the right to maintain an action. Presentment or filing must be alleged and proved. *Eaton* v. *Buswell*, 69 Maine, 552; *Rawson* v. *Knight*, 71 Maine, 99; *Littlefield* v. *Cook*, 112 Maine, 551. Want of filing or presentment may be taken advantage of under the general issue. *Eaton* v. *Buswell*, supra; Story's Pleadings, 2nd Ed., page 131.

In this case, the claim was filed in the Probate Court supported only by an affidavit purporting to have been made before a notary public in Minnesota. No evidence was offered to show that by the laws of Minnesota a notary public is authorized to take affidavits. The sufficiency of this affidavit is challenged by the exceptions.

Assuming that the person who took the affidavit was a notary public, and that the affidavit mentioned in the statute may be made before a magistrate out of the State, the question is this:—Has a notary public in Minnesota authority to administer oaths?   It is universally held that a notary public has no such authority at common law.   If he has such authority, it must be by statute.   In this State we have such a statute.   R. S., Chap. 34, Sec. 3, as amended by Chap. 58 of the Public Laws of 1905.   But this statute is plainly limited to the authority of notaries public within the State.   It does not purport to give effect to the acts of notaries without the State.   By the use of the words "notary public," only such a person is intended as is recognized by the laws of the State as such.   *Bramhall* v. *Seavey*, 28 Maine, 45.

But the law of Minnesota is not presumed to be the same as our statute.   It is presumed to be like our common law.   *Carpenter* v. *Grand Trunk Ry.*, 72 Maine, 388; *Jowett* v. *Wallace*, 112 Maine, 389; *Franklin Motor Car Co.* v. *Hamilton*, 113 Maine, 63.   Before effect can be given to the statute of another State, it must be proved as a fact.   See same cases.

It follows, then, that it is not shown that the notary public in Minnesota had authority to administer the oath.   The presumption is that he did not.   If he did not, the purported affidavit is not an affidavit at all.   And the plaintiff has not proved the performance of the statutory condition precedent to the right to maintain this action.

*Exceptions sustained.*