Susan Campbell *v.* Edwin and Alice Brady.*

(*Knoxville*. September Term, 1928.)

Opinion filed December 8, 1928.

---

*Corpus Juris-Cyc References:   Attachment, 6CJ, section 142, p. 99, n. 48; section 160, p. 108, n. 21; section 247, p. 152, n. 95; Notaries, 46CJ, section 23, p. 511, n. 47.

W. F. Jewell and P. H. Thatch, for plaintiff in error.

J. B. Swafford and McKenzie & McKenzie, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

(1) The plaintiff in error began this suit, in the Circuit Court of Rhea County, by original attachment against the defendants in error as nonresidents of Tennessee, to recover unliquidated damages for personal injuries.

The circuit judge sustained a motion of the defendants in error to quash the attachment and dismissed the suit, because the affidavit in support of the writ of attachment was verified by oath attested by a notary public, instead of by the clerk who issued the writ.

The institution of a suit by original attachment, for damages for tort committed by the defendant, is authorized by the Acts of 1865-66, chapter 22 (Shannon's Code, sec. 5211a1).

The authority contained in this statute for the issuance of an original attachment in such a suit is expressly qualified by the following language: ''Provided, the plaintiff, his, her, or their agent or attorney shall first make affidavit before the judge, clerk, or justice of the peace

issuing the attachment that the damages sued for are justly due the plaintiff or plaintiffs,'' etc.

*(2)* The power of a notary public to administer an oath to an affidavit for an attachment must exist by virtue of a statute, or not at all. *Fawcett* v. *Railway,* 113 Tenn., 246.

*(3)* The plaintiff in error refers to section 3196 of Shannon's Code (all editions) for the authority of a notary public to administer an oath to the affidavit for the attachment. That section is as follows:

"Notaries public shall have the same power as justices of the peace of this State to administer oaths, to take depositions, to qualify parties to bills in chancery, and to affidavits, in all cases; and in all such cases the notary's seal shall be affixed."

The manifest purpose and intent of this section of the Code is to confer upon notaries public the same authority and power as that possessed by justices of the peace, in the stated particulars. The section cannot be construed as extending the power of justices of the peace beyond that already possessed by them. The application to the case at bar is simply that if the oath to the affidavit for the attachment could have been made before a justice of the peace, then it was sufficient that it was made before a notary public.

The power of a justice of the peace to administer an oath to an affidavit is controlled by section 432 of Shannon's Code (all editions), which is as follows:

"Every justice is a conservator of the peace in his county, and has authority therein to administer oaths when required by law, unless the power is expressly entrusted to some other officer, and to exercise such powers as are conferred upon him by law."

The authority of a justice of the peace to administer an oath is by the express terms of this section of the Code excluded whenever such power "is expressly entrusted to some other officer."

The statute expressly requires that in any action for tort begun by original attachment, the affidavit shall first be made "before the judge, clerk or justice of the peace issuing the attachment." The power conferred upon a justice of the peace to administer an oath to an affidavit in such a case is, therefore, limited to cases in which the justice administering the oath is also the officer by whom the attachment is issued. If the attachment is issued by the clerk of the circuit court, as in the case at bar, the clerk is the officer designated by law to administer the oath, and is the officer in whom the power to administer the oath "is expressly entrusted."

The plain import of the several statutes hereinabove cited is that no officer is empowered to administer the oath to an affidavit for an original attachment in a tort action except "the judge, clerk or justice of the peace issuing the attachment."

(4) The affidavit not having been made before an officer empowered by law to administer the oath, is of no force and effect and is insufficient to support the writ.

" 'An affidavit is a statement in writing, signed and made upon oath before an authorized magistrate.' Until such affidavit was made, the clerk had no authority to issue the attachment—it was a nullity." *Watt* v. *Carnes*, 51 Tenn. (4 Heisk.), 532; *Stewart* v. *Mitchell*, 57 Tenn. (10 Heisk.), 488.

The judgment of the circuit court will, therefore, be affirmed.