# McFERRIN v. McFERRIN—191 S. W. (2d) 946.

Western Section.   November 15, 1945.

Petition for Certiorari denied by Supreme Court, January 11, 1946.

Troy W. Tamlin, of Oakland, and J. G. Farrar, of Memphis, for plaintiff in error.

No counsel on appeal for defendant in error.

ANDERSON, P. J.  This is a divorce action instituted by the appellant, Daniel McFerrin, in the circuit court of Fayette County, Tennessee.  The defendant, Martha Jane Walker McFerrin, filed an answer and the issues thus made were tried before the circuit judge without a jury.  He dismissed the petition for lack of jurisdiction and the petitioner appealed.

The grounds for divorce set up in the petition are cruel and inhuman treatment, adultery, and willful or malicious desertion or absence without a reasonable cause for two whole years and more.

The evidence was not preserved by a bill of exceptions and the case is before us upon the technical record, including a finding of fact incorporated in the final decree.

554

The judge found and decreed that

". . . as charged in the original bill for divorce, the marital domicile of the parties at the time of their separation on or about January 15, 1929, was in Fayette County, Tennessee. The Court further finds as a fact that the complainant is a non-resident of the State of Tennessee and that personal process was served upon the defendant, she being at the time of said service found in said Fayette County, Tennessee.

"The Court also finds and decrees that the defendant is guilty of such cruel and inhuman treatment or conduct towards the complainant as renders cohabitation unsafe and improper; that as charged in the original bill, she has committed adultery; and that she is guilty of wilful or malicious desertion or absence, without a reasonable cause, for two whole years and more. However, although these grounds were established by the proof, the court is of the opinion that it is without jurisdiction in this cause, the complainant being a non-resident, he being at the time of the trial and at the time of the filing of the bill a resident and citizen of the State of Illinois, serving in the United States Army overseas, and has not been a citizen or resident of the State of Tennessee for sixteen years, being a resident and citizen of the State of Illinois for such period, he was inducted into the army from said State of Illinois, and registered there under the Selective Service Act.

"From all of which facts and circumstances·it appeared to the Court that the complainant cannot maintain an action for divorce in this State; that this Court has no jurisdiction to hear and determine said cause of action, and that same should be dismissed."

██ ██ We think the view taken by the circuit judge was erroneous. It is only where the acts complained of

were committed out of the State that two years residence next preceding the filing of the bill specified in Code, Section 8428 is required. Carter v. Carter, 113 Tenn. 509, 82 S. W. 309; Fitzpatrick v. Fitzpatrick, 131 Tenn. 54, 173 S. W. 444. The pleadings and the process make a case controlled by Code, Section 8429, which is in the following language: "The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident; but, if a nonresident or convict, then in the county where the applicant resides."

In construing this section, the court held in Brown v. Brown, 155 Tenn. 530, 296 S. W. 356, that the limitation on the venue of a divorce action is to be availed of as a personal privilege and does not affect the jurisdiction over the subject matter, and accordingly may be waived by the entry of a personal appearance.

If this were all, we would be constrained to grant the divorce, but this cannot be done because there is a fatal defect in the verification of the petition.

This is in the following form and language:

Complainant, Daniel McFerrin, being duly sworn makes oath that the facts stated in the foregoing Bill are true to the best of his knowledge and belief and that the complaint is not made out of levity, or by collusion with the defendant, but in sincerity and truth, for the causes mentioned in the bill.

Daniel McFerrin

Subscribed and sworn to before me this 24 day of October, 1944.

(Seal)                              D V Guple

Chief Presy Magistrate.

24 Oct. 1944

Chief Presidency
Magistrate
Calcutta''

Code, Section 8431 provides that a bill or petition for divorce shall be verified by a certificate, upon oath or affirmation before a justice of the peace, notary public, or judge or clerk of the court. Construing this section, we said in the recent case of Carter v. Carter, Tenn. App., 191 S. W. (2d) 451, that: ''It is elementary that legislation can have no extraterritorial effect. It is binding only within the limits of the sovereignty enacting it. It is not to be presumed that by use of language without limitation the legislature intends to confer authority upon persons not within its jurisdiction, although by appropriate language it may authorize designated officials of another state to do specified acts and make those acts effectual within its own sovereignty. Fawcett v. Chicago, etc., R. R. Co., supra [113 Tenn. 246, 81 S. W. 839]; Bramhall v. Seavey, 28 Me. 45, 48; Chandler v. Hanna, 73 Ala. 390; Smith v. Smith, 185 Ind. 75, 113 N. E. 296; Wills v. Wills, 176 Ind. 631, 96 N. E. 763; Holbrook v. Libby, 113 Me. 389, 94 A. 482, L. R. A. 1916A, 1167.''

In that case the question was whether the required oath could be administered by the notary public of another state. We held that a verification made before such an official was valid by virtue of Code, Section 10412

relating to bills in chancery. That ruling is invoked by the petitioner in the present case in support of her contention with respect to the validity of the oath to her petition. Code, Section 10412 is in the following language: "They (bills in chancery) may be sworn to out of the state, before a notary public, or a commisioner for, this state, whose attestation shall be accompanied by his seal of office, or before a judge or justice of the peace of the state, whose official character shall be attested by the clerk of the court in which the judge presides, or by clerk of the county court in the case of a justice of the peace."

The rationale of the conclusion reached in the Carter case is that a bill for divorce is a bill in chancery within the meaning of this section and that by virtue of Code, Section 8802 the same is true with respect to a petition for divorce filed in the circuit court.

█ But Code, Section 10412 does not authorize the oath to the petition in this case. In the first place, we think that section authorizes a verification before the designated officials of other states of the United States only. It does not authorize an oath before an official of a foreign country even though he purport to hold one of the specified positions.

█ In the second place, if it were otherwise, the verification in this case would be fatally defective in that the official character of the "Chief Presy Magistrate" who purports to have administered the oath was not attested by the clerk of the court in which that official presided or by any one else. We think that in any view of the case this was essential. An analogy is to be found in the holding of the court in the case of Hunt v. Curry, 153 Tenn. 11, 282 S. W. 201, 204, with reference to the statutory provisions for the authentication of instru-

ments. In that case the authentication of a trust deed was held fatally defective because "the official character of the clerk of the court taking the acknowledgment was not certified to by the judge, chief justice, or presiding magistrate of the court of which he was clerk as required by section 3721, Thompson's-Shannon's Code (Code of 1932, Section 7632). Nor was the official authority of said clerk verified by the certificate of the secretary of state of North Carolina, or by a certificate of the clerk of another court of record of that state, as required by chapter 48 of the Acts of 1919."

A similar result has been reached with respect to the authentication of judicial procedings and other official records in the manner provided by the acts of Congress compiled in 28 U. S. C. A. secs. 687 and 688. The cases will be found in the notes under these sections.

█ It is proper to say that both parties were represented by counsel in the trial in the circuit court where the question with respect to the sufficiency of the verification was duly and seasonably made. However, no one appeared for the appellee in this court, the case having been presented only by counsel for the appellant, who nevertheless very properly called attention to the question. Moreover, since the question is one that goes to the jurisdiction of the subject matter it would be not only the right but the positive duty of the court to raise it of its own motion, if it had not otherwise been noticed. DeArmond v. DeArmond, 92 Tenn. 40, 20 S. W. 422; Fitzpatrick v. Fitzpatrick, 131 Tenn. 54, 173 S. W. 444.

The result is that we are obliged to affirm the decree dismissing the petition.

Ketchum and Baptish, JJ., concur.