IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2003 Session

## MICHAEL S. SANDERS v. DIANE H. SANDERS

**Appeal from the Chancery Court for Sumner County**
**No. 2000D-473     Tom E. Gray, Chancellor**

_____

**No. M2001-02694-COA-R3-CV - Filed May 6, 2003**

_____

The Chancery Court of Sumner County declared the parties divorced, divided the marital property, and awarded the wife rehabilitative alimony.  On appeal the wife argues that since her conservator executed her counterclaim for divorce, the court had no jurisdiction to award her a divorce.  She also contests the amount and duration of the alimony awarded to her.  We affirm the divorce, but we reverse the award for rehabilitative alimony and modify the award to alimony in futuro.  We remand for a hearing as to the amount.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part; Reversed in Part; and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and STELLA L. HARGROVE, SP. J., joined.

Vicky V. Klein, Madison, Tennessee, for the appellant, Diane H. Sanders.

Larry Hayes, Jr., Nashville, Tennessee, for the appellee, Michael S. Sanders.

**OPINION**

**I.**

Michael S. Sanders filed a complaint for divorce from Diane H. Sanders, his wife of thirty-two years, on August 8, 2000.  His grounds, included in the complaint and an amended complaint, included irreconcilable differences and inappropriate marital conduct.  Although Mr. Sanders originally obtained a default judgment against Ms. Sanders, that judgment was set aside and she was allowed to answer.  On June 8, 2001, she filed an answer and counter-complaint alleging the same grounds set out in Mr. Sanders' complaint.  The pleading was sworn to by Ms. Sanders' conservator and her guardian ad litem.  The pleading also bears a certificate of Ms. Sanders' attorney ad litem that a copy had been mailed to Mr. Sanders' attorney.

After a final hearing the trial judge declared the parties divorced pursuant to Tenn. Code Ann. § 36-4-129 and divided the marital property. The court also awarded Ms. Sanders rehabilitative alimony of $900 per month for a period of sixty months.

## II.

In Ms. Sanders' first issue on appeal, she argues that the court lacked jurisdiction to award her a divorce because her counterclaim was verified by her conservator and not by her. This argument is based on the requirement in Tenn. Code Ann. § 36-4-107(a) that a complaint for divorce shall be verified by an affidavit upon oath or affirmation that the facts stated in the complaint are true to the best of the complainant's knowledge and belief for the causes mentioned in the complaint. The courts have held that this requirement is essential to the court's jurisdiction to award the divorce, *Carter v. Carter*, 191 S.W.2d 451 (Tenn. Ct. App. 1944), and that the oath is personal to the complainant and cannot be given by some other person in a representative capacity. *Turner v. Bell*, 279 S.W.2d 71 (Tenn. 1955).

We think this argument overlooks the fact that the court had already obtained jurisdiction over the parties' status, by virtue of Mr. Sanders' complaint and the parties domicile here. "An action for a divorce is essentially a proceeding in rem, in the sense that it determines marital status." *See* 24 Am. Jur. 2d *Divorce and Separation* § 7. In recognition of this general power of the courts to determine the status of its domiciliaries and with the passing of the era when divorce carried with it a social stigma, the General Assembly has relaxed the reasons why the marriage may be dissolved – even to the point where a marriage may be dissolved by agreement. *See* Tenn. Code Ann. § 36-4-101(14), 103(a)(2), 119(a). Also upon proof of any ground for divorce in Tenn. Code Ann. § 36-4-101, the General Assembly has empowered the court to "grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce, declare the parties to be divorced rather than awarding a divorce to either party alone." Tenn. Code Ann. § 36-4-129(b).

As this court explained in *Earls v. Earls*, 42 S.W.3d 877 (Tenn. Ct. App. 2000), the court may declare the parties divorced if either or both engaged in a repeated course of conduct that made continued cohabitation unacceptable. Or the parties may simply stipulate that one or both of the parties has grounds for divorce. Tenn. Code Ann. § 36-4-129(a). When this case was called for trial in the trial court the following exchange took place:

> THE COURT: Sanders v. Sanders. Any preliminary matters?
> MR. HAYES: I don't think so, Judge. Judge, I'm Larry Hayes of the Nashville Bar. I represent the plaintiff, Mike Sanders. Mr. Mike Edwards represents the defendant, Diane Sanders. Since we were here – I believe less than a month ago – on a temporary support matter, counsel have agreed to waive opening statements and get right to the proof, if that's all right with Your Honor.
> THE COURT: That'll be fine. I really was trying to determine whether or not there was any stipulations and if these parties could be declared divorced or does your client not want that, Mr. Edwards?

MR. EDWARDS: No, Judge. She wants and she needs to be divorced.

THE COURT: She wants a divorce?

MR. EDWARDS: Yes, sir.

THE COURT: Any problem stipulating –

MR. EDWARDS: No problem at all, Judge. Well, you know, I'm at kind of a disadvantage because I'm not sure she's competent to convey to me what she wants or doesn't want. But the conversation that I had with her – I mean, in her driveway one day she indicated that she did want the divorce so I'm basing it on that. I think it would be best for Diane.

MR. HAYES: I don't think the proof in this case on fault would factor into the Court's decision on any issue, really.

THE COURT: I know it won't on the marital estate. I don't remember any cases where fault has even been factored in where there's been an award of spousal support or attorney's fees.

. . . .

MR. EDWARDS: Well, I've done this long enough in front of you, I know it doesn't form a basis of punishment or whatever. I've deposed Mr. Sanders. I think I have sufficient grounds for my client to be granted a divorce but it serves no purpose legal-wise.

THE COURT: If the parties are in agreement, the Court will just declare the parties divorced by absolute divorce under T.C.A. 36-4-129 and restore the parties to the rights and privileges of single persons.

We think this exchange shows, at the least, that the parties stipulated that Ms. Sanders had grounds for divorce. Therefore, Tenn. Code Ann. § 36-4-129 gave the trial court the authority to declare them divorced.

**III.**

Ms. Sanders contests the amount and duration of the alimony awarded to her. The trial court ordered Mr. Sanders to pay her $900 per month for sixty months as rehabilitative support. While the amount and duration of alimony to be awarded in any particular case is a matter for the discretion of the court, *Burlew v. Burlew*, 40 S.W.3d 465 (Tenn. 2001), the General Assembly has included a list of factors to be considered, *see* Tenn. Code Ann. § 36-5-101(d), and the courts have said that where rehabilitation is not feasible, the award should be made on a long-term basis. *Anderton v. Anderton*, 988 S.W.2d 675 (Tenn. Ct. App. 1998).

There is no dispute that Ms. Sanders is currently incapacitated. The trial judge did not make any findings about the potential for her recovery and the parties do not address this factor in their briefs. They seem to assume her condition is permanent. If that is true, it raises the question of what would be accomplished by sixty months of rehabilitative support. The essential finding for an award of rehabilitative support is that the disadvantaged spouse is "capable of rehabilitation." *See Robertson v. Robertson*, 76 S.W.3d 337 (Tenn. 2002). In view of the lack of evidence in the record

that Ms. Sanders is capable of rehabilitation we think long-term support would be more appropriate in this case.

As to the amount of the monthly support, we also set aside the $900 award and remand for a determination of the proper amount of support based on the current conditions. It appears that the trial judge assumed that Ms. Sanders could earn $1,000 in interest each month and could draw approximately $1,300 per month in Social Security benefits. Her expense statement also included more than $500 per month in transportation costs. Since there are better numbers available now based on actual experience, we think the award should be reconsidered.

We reverse the award of rehabilitative alimony and remand for a fresh determination of the proper amount of alimony in futuro. An alimony in futuro award, of course, remains in the control of the trial court. *See Waddey v. Waddey*, 6 S.W.3d 230 (Tenn. 1999). We tax the costs on appeal to the parties equally.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.