IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2019 Session

## HEM RAJ SINGH v. NEETA SINGH

**Appeal from the Chancery Court for Madison County**
**No. 75532     James F. Butler, Chancellor**

————————————————————

### No. W2017-02091-COA-R3-CV

————————————————————

Wife/Appellant appeals the trial court's grant of a divorce to Husband/Appellee. Wife argues that the divorce should be set aside because the trial court lacked subject matter jurisdiction and/or lacked personal jurisdiction over Wife. Wife also asserts that she was not properly served with the complaint for divorce. Because Wife filed an answer and counter-complaint for divorce, without objecting to *in personam* jurisdiction, she submitted to the jurisdiction of the trial court; her filing of an answer also indicates that she was served with the complaint for divorce. Because Husband/Appellee had resided in Tennessee for more than six months before filing his complaint for divorce, Tennessee Code Annotated section 36-4-101(a) conferred subject matter jurisdiction to the trial court. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Neeta Singh, Punjab, India, appellant, pro se.

Kortney Deniece Simmons, Jackson, Tennessee, for the appellee, Hem Raj Singh.

## OPINION

### I. Background

Appellant Neeta Singh ("Wife") and Appellee Hem Raj Singh ("Husband") were

married on October 28, 2016 in Punjab, India. No children were born to the marriage. The parties separated in December 2016, and Mr. Singh returned to Tennessee, where he lived and worked prior to the marriage. Ms. Singh remained in India.

On May 8, 2017, Mr. Singh filed a complaint for divorce in the Chancery Court for Madison County. The record contains an affidavit of service indicating that Ms. Singh was personally served by Naresh Bhardwaj on May 29, 2017 at her address in India. On June 29, 2017, Ms. Singh filed an answer and counter-complaint for divorce. Because Mr. Singh was not served with Ms. Singh's answer and counter-complaint, he filed a motion for default, which was subsequently denied by the trial court.

The divorce was tried on September 8, 2017, and Ms. Singh did not appear. On September 18, 2017, the trial court entered its order granting Husband a divorce on the ground of inappropriate marital conduct. Wife filed a notice of appeal on October 19, 2017.[1]

## II. Issues

Ms. Singh raises several issues in her brief; however, from her arguments, we perceive that there are three dispositive issues, which we state as follows.

1. Whether the divorce should be set aside because the trial court lacked subject matter jurisdiction.

2. Whether the divorce should be set aside because the trial court lacked personal jurisdiction over Wife.

3. Whether Wife was served with the complaint for divorce.[2]

---

[1] While it appears that Wife's notice of appeal was untimely, having been filed 31 days after entry of the final order, she initially attempted to file her notice of appeal in the trial court on October 17, 2017. Tennessee Rule of Appellate Procedure 4(a) was revised, effective July 1, 2017, to mandate that notices of appeal be filed with the clerk of this Court. In revising the rule, a "transitional provision" was incorporated. This provision, which expired on June 29, 2018, provides, in relevant part, that:

> In the event a party, on or after July 1, 2017, incorrectly attempts to file a notice of appeal with the trial court clerk, the trial court clerk shall note the date and time of receipt of the attempted filing and shall immediately notify the party attempting to file the notice of appeal that the notice must be filed with the appellate court clerk. If the attempted filing of the notice of appeal with the trial court clerk was received by the trial court clerk within 30 days after the date of entry of the judgment, the party attempting to file the notice with the trial court clerk shall have 20 additional days . . . within which to file the notice of appeal with the appellate court clerk.

By operation of the foregoing provision, Ms. Singh's notice of appeal was timely.

[2] On the day of oral argument before this Court, June 20, 2019, Ms. Singh, who did not

## III. Standard of Review

This case was tried without a jury. Therefore, we review the trial court's findings of fact *de novo* with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

Moreover, while we are cognizant of the fact that Ms. Singh is representing herself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); ***Edmundson v. Pratt***,

---

personally appear, filed a motion to continue oral argument. By order of June 20, 2019, this Court denied Ms. Singh's motion stating:

> The Appellant, Neeta Singh, initiated this appeal on October 19, 2017 upon filing her Notice of Appeal with this Court. After a series of delays the record was filed approximately one year later on October 12, 2018. After requesting and receiving two extensions, the Appellant filed her brief on January 2, 2019. In her brief, the Appellant requested oral argument. Accordingly, oral argument in this matter was originally set for April 9, 2019. On March 22, 2019, the Appellant requested oral argument be continued and that she be given 60 days' notice of any new setting to allow her to make travel arrangements. By Order entered April 2, 2019, this Court continued oral arguments to June 18, 2019. Oral argument was subsequently moved to June 20, 2019 by agreement.
>
> Oral argument for this matter is scheduled for Thursday, June 20, 2019 at 9:30 am. On the morning of oral argument, June 20, 2019, the Appellant fax filed a "Motion for Extension of Time for Oral Arguments." In this unverified motion the Appellant asserts that she was denied the visa necessary for her timely travel to the States, but has another visa interview scheduled for August 21, 2019. The Appellant requests that oral argument in this matter be continued to the first week of September 2019. The motion does not comply with Rule 22 of the Tennessee Rules of Appellate Procedure in that it was not accompanied by a memorandum of law and affidavit, and did not specify efforts to contact adverse counsel or indicate if there is opposition to the motion.
>
> After careful review of the extensive procedural history in this appeal, as well as the many prior accommodations already granted the Appellant, this Court finds that further delay of this 2017 appeal is not justified. Accordingly, and upon due consideration, the motion to continue oral argument is denied. The Court will decide the appeal based on the record, the briefs of the parties, and the oral argument of the Appellee, if any. It is SO ORDERED.

945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Before addressing the issues, we note that the Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App.1989). Here, the record contains no transcript of the hearing. We note that Ms. Singh filed a document styled "statement of the facts" in the trial court. However, by order of September 6, 2018, the trial court sustained Mr. Singh's objection to the statement on the ground that it did not comply with Tennessee Rule of Appellate Procedure 24. Accordingly, in this case, there is no statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). It is well settled that, in the absence of a transcript or statement of the evidence, this Court must presume that there was sufficient evidence before the trial court to support its judgment. *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. April 10, 2013); *Outdoor Management LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007).

Furthermore, Tennessee Rule of Appellate Procedure 27(a) mandates that "[t]he brief of the appellant shall contain under appropriate headings and in the order here indicated:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).  Furthermore, Tennessee Court of Appeals Rule 6 provides:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Ms. Singh's appellate brief fails to comply with several of the foregoing requirements. Specifically, she fails to include a separate statement of facts.  Tenn. R. App. P. 27(a)(6); Tenn. Ct. App. R. 6(a)(1).  In addition, Ms. Singh fails to cite to specific page numbers or sections of the record to support her contentions.  Tenn. Ct. App. R. 6(b).  Finally, Ms. Singh fails to cite any specific authorities for her position other than a general citation to the "US Constitution regarding [] all kinds of jurisdictions."  Tenn. R. App. P. 27(a)(2).

"'Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.'"  **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) (quoting **Bean v. Bean**, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000)); *see also* **Tellico Village Property Owners Ass'n, Inc. v. Health Solutions, LLC**, No. E2012-00101-COA-R3-CV, 2013 WL 362815, at *3 (Tenn. Ct. App. Jan. 30, 2013) (no perm. app. filed ) (quoting **Branum v. Akins**, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 2001)) ("'Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal.'").  Furthermore, "the Supreme Court has held that it will not find this Court in error for not

considering a case on its merits where the plaintiff did not comply with the rules of this Court." ***Bean***, 40 S.W.3d at 54-55 (citing ***Crowe v. Birmingham & N.W. Ry. Co.***, 156 Tenn. 349, 1 S.W.2d 781 (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009).

Although Ms. Singh failed to provide this Court with a transcript or statement of the evidence and has further failed to comply with the rules concerning the content of her appellate brief, as set out above, the issues raised sound in law and not in fact. As such, this Court's review is *de novo* with no presumption of correctness. ***Brunswick Acceptance Co.***, 292 S.W.3d at 642. Accordingly, Ms. Singh's procedural failures are not fatal to her appeal, and we will proceed to adjudicate this appeal on the merits while cautioning future litigants to ensure proper compliance with the applicable procedural rules.

## IV. Analysis

## A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's "lawful authority to adjudicate a controversy brought before it." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000). A court's subject matter jurisdiction is derived—"either explicitly or by necessary implication"—from the state constitution or statute. ***Benson v. Herbst***, 240 S.W.3d 235, 239 (Tenn. Ct. App. 2007). If subject matter jurisdiction is lacking, the court must dismiss the case. ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Whether a court lacks subject matter jurisdiction presents a question of law, which we review *de novo*. ***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712-13 (Tenn. 2012).

As noted above, a court's subject matter jurisdiction may be derived from statute. Concerning divorce cases, this Court has explained

> [t]he substantive law governing divorce in this state is purely statutory. *See* ***Chastain v. Chastain***, 559 S.W.2d 933, 934 (Tenn.1977); ***Carter v. Carter***, 28 Tenn. App. 478, 480, 191 S.W.2d 451, 452 (1944). Thus, a trial court's subject matter jurisdiction over a particular divorce action must be based upon the applicable divorce statutes. *See* ***Turner v. Bell***, 198 Tenn. 232, 248, 279 S.W.2d 71, 78 (1955).

***Barnett v. Barnett***, No. 01A01-9605-CH-00228, 1998 WL 787043, *3 (Tenn. Ct. App. Nov. 13, 1998). Here, the applicable divorce statute is Tennessee Code Annotated § 36-4-104(a), which provides:

(a) A divorce may be granted for any of the causes referenced in § 36-4-101 if the acts complained of were committed while the plaintiff was a bona fide resident of this state or if the acts complained of were committed out of this state and the plaintiff resided out of the state at the time, if the plaintiff or the defendant has resided in this state six (6) months next preceding the filing of the complaint.

Tenn. Code Ann. § 36-4-104(a). In **Barnett**, we explained:

This statute [i.e., Tenn. Code Ann. § 36-4-104(a)] makes Tennessee residency by the party seeking divorce a condition precedent to granting a divorce. *See **Carter v. Carter***, 113 Tenn. 509, 512, 82 S.W. 309, 309 (1904).

The residency requirement in Tenn. Code Ann. § 36-4-104(a) is intended to assure that Tennessee has a sufficient relationship with the parties and their marriage to make it reasonable for the courts of this state to affect the parties' marital status. *See **Wiseman v. Wiseman***, 216 Tenn. 702, 706-07, 393 S.W.2d 892, 894 (1965). Hence, the residency requirement constitutes one of the elements making up a Tennessee court's jurisdiction over any asserted divorce complaint. *See **Tyborowski v. Tyborowski***, 28 Tenn. App. 583, 585, 192 S.W.2d 231, 232 (1945).

As used in Tenn.Code Ann. § 36-4-104(a), the term "residence" means domicile. *See **Wiseman v. Wiseman***, 216 Tenn. at 711, 393 S.W.2d at 896; ***Brown v. Brown***, 150 Tenn. 89, 91, 261 S.W. 959, 959 (1924). Our courts have described domicile as:

The place where a person has his principal home and place of enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel.

***Snodgrass v. Snodgrass***, 49 Tenn. App. 607, 611, 357 S.W.2d 829, 831 (1961). To create domicile in Tennessee, a person ordinarily must not only intend to establish a personal home in this state but must also act consistently with this intention. *See **Greene v. Greene***, 43 Tenn.App. 411, 429, 309 S.W.2d 403, 411 (1957). To acquire domicile here, the person must also have no present intention or expectation of changing his or her residence to some other state. *See **Tate v. Collins***, 622 F. Supp. 1409, 1412 (W.D.Tenn.1985).

***Barnett***, 1998 WL 787043 at *3.

In his complaint for divorce, Husband states that he "has resided in Tennessee for more than six (6) months, and the grounds for divorce arose while [Husband] was a bona fide resident of Madison County." This statement is undisputed in the record. As such, we conclude that the six-month residency requirement in section 36-4-104(a) has been met. Accordingly, the trial court had subject matter jurisdiction to adjudicate the divorce.

### B. Personal Jurisdiction

In order to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction. ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994). The concepts of personal jurisdiction and subject-matter jurisdiction are distinct. Personal jurisdiction refers to the court's authority to adjudicate the claim as to the person. ***Id.*** "Personal jurisdiction of non-resident defendants may be obtained by service of process under the Tennessee Long Arm Statute . . . if, and only if, the non-resident defendant has such minimum contacts with this state that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***Id.*** (quoting ***Int'l Shoe Co. v. Washington***, 326 U.S. 310, 316 (1945); ***J.I. Case Corp. v. Williams***, 832 S.W.2d 530, 531 (Tenn. 1992)). Objections to personal jurisdiction must be raised as a defense in the defendant's first filing, either in the answer or in a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Procedure. If the defendant fails to do so and participates in the litigation prior to raising this defense, the objection to personal jurisdiction is waived. ***Id***.

In its final decree of divorce, the trial court stated that Ms. Singh "received the original Complaint on May 29, 2017, by personal service, and filed an Answer and Counter-Complaint with the Court on June 29, 2017." From Wife's answer and counter-complaint, we conclude that Wife did not object to the trial court's exercise of personal jurisdiction in her initial filing with the trial court. To the contrary, Wife indicated her consent to the trial court's jurisdiction in her answer by requesting specific relief from the court, to-wit: (1) "allow me to make self-representation in [the trial court];" and (2) "allow me to make my representation on my own by giving me some extension of time to present the true facts to the court." Rather than objecting to the court's jurisdiction over her, Wife's requests indicated that she wished to appear before the court to present evidence. Accordingly, we conclude that Wife waived any objection and consented to personal jurisdiction by filing her answer and counter-complaint. A party makes a general appearance in a case, and thus consents to jurisdiction over her person, when she takes a position inconsistent with her claim that personal jurisdiction is absent. *See* ***Dooley v. Dooley***, 980 S.W.2d 369, 371 (Tenn. Ct. App. 1998); ***Grosfelt v. Epling (In re Grosfelt)***, 718 S.W.2d 670, 672 (Tenn. Ct. App. 1986).

## C. Service of Process

Wife's answer asserts that "[t]he proper process has not been followed for the service of summons, hence not effectively served and not a sufficient notice." Tennessee Rule of Civil Procedure 4.01(1) requires that, "[u]pon the filing of the complaint, the clerk of the court shall promptly issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process." As noted above, the record contains an affidavit of service indicating that Ms. Singh was personally served by Naresh Bhardwaj on May 29, 2017 at her address in India. Tennessee Rule of Civil Procedure 4.01(1) further states that the process server "shall serve the summons, and the return endorsed thereon **shall** be proof of the time and manner of service." (Emphasis added). Accordingly, Mr. Bhardwaj's notarized affidavit of service, which was filed in the trial court, creates a rebuttable presumption that proper service was achieved. However, as the Tennessee Supreme Court has explained:

> Sufficiency of personal service, as required in Rule 4, T.R.C.P., is subject to challenge under Rule 12.02(5) either in the adverse party's responsive pleading or, optionally, by motion to dismiss. Although Rule 12 contains no specificity requirements, Rule 8, which sets out "general rules of pleading," clearly does. Rule 8.03 requires that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute ... an avoidance or affirmative defense."

*Barker v. Heekin Can Co.*, 804 S.W.2d 442, 444 (Tenn. 1991). As set out above, Ms. Singh lodges such a challenge in her answer by stating that service was not effective. However, other than this statement, Ms. Singh provides no facts to support her contention. As the *Barker* Court explained, a party may not simply allege that service of process was inefficient; he or she must also comply with the specificity requirements of Tennessee Rule of Civil Procedure 8.03. In relevant part, Rule 8.03 requires that, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute [his or her defense]." Here, Ms. Singh provides no facts to support her assertion that she was not properly served with the summons and complaint for divorce. The same was true of the defendant in *Barker*:

> In challenging the sufficiency of service in this case . . . [i]n order to comply with Rule 8.03, [defendant] should have included . . . a recitation of those facts, "in short and plain terms," upon which it was relying for dismissal. The failure to do so constitutes a waiver of the matter raised in the motion.

*Barker*, 804 S.W.2d at 444. Based on the holding in *Barker*, Ms. Singh's failure to recite any facts to support her argument that service of process was flawed, constitutes a waiver

of this issue.

## V. Conclusion

For the foregoing reasons, the trial court's order is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Neeta Singh, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE