KARPANTY *v.* KARPANTY.

(Decided December 20, 1926.)

*Mr. Frank H. Foster* and *Mr. A. C. Czelusta,* for plaintiff in error.

*Mr. Edward H. Ray,* for defendant in error.

WILLIAMS, J. Plaintiff, Joseph Karpanty, brought an action against his wife, Stefania Karpanty, in the court of common pleas of Lucas county praying for divorce and alimony. Thereupon the defendant, Stefania Karpanty, filed an answer in which she denied the allegations of the petition, except such as were admitted to be true, and in addition thereto pleaded the defense of recrimination, in which she

alleged the commission of adultery on the part of the plaintiff. Later she filed a cross-petition praying for alimony only. The trial court found in favor of the plaintiff upon the petition and granted him a divorce on the ground of gross neglect of duty, and granted the defendant as alimony the real estate in which she resided and to which she had the legal title, and in addition granted her the sum of $1,500, payable in monthly installments of $50 each. Thereupon the defendant prosecuted this proceeding in error, and seeks herein a reversal of the judgment granting a divorce to the plaintiff. The plaintiff has filed no cross-petition in error and makes no question in this court as to the validity of the judgment as to alimony.

The first question that arises is whether this court has power to review on error a judgment for divorce. It is settled law in Ohio, under Section 6, Article IV, of the Constitution of Ohio, as amended September 3, 1912, by the provisions of which the Courts of Appeals of Ohio were constituted and established, that such courts have jurisdiction to review, affirm, modify or reverse the judgments of the courts of common pleas, including those rendered in actions for divorce, and that this jurisdiction having been given by the Constitution cannot be taken away, changed or modified by the General Assembly. *Cincinnati Polyclinic* v. *Balch,* 92 Ohio St., 415, 111 N. E., 159; *Zonars* v. *Zonars,* 101 Ohio St., 518, 130 N. E., 943; *Wells, Jr.,* v. *Wells,* 105 Ohio St., 471, 138 N. E., 71; *Potts* v. *Potts,* 21 Ohio Law Rep., 326.

The only remaining question for our consideration is whether or not the judgment of the court be-

low as to divorce is manifestly against the weight of the evidence. An examination of this record discloses that the defense of recrimination was established by an overwhelming preponderance of the evidence. Had the trial judge a right to deliberately disregard the fact that such defense had been made out, and grant the plaintiff a divorce notwithstanding? It is well established by an unbroken line of authorities that the right to a divorce is the right of an innocent person against a guilty one, and that, wherever the evidence discloses that the person applying for a divorce is himself guilty of an act which constitutes a statutory ground for divorce under the law of our state and the act constituting such a ground is pleaded by way of recrimination and there has been no condonation, it is reversible error for the court to grant such a person a divorce, who himself is so guilty. 19 Corpus Juris, 93, Section 219; 9 Ruling Case Law, 387, Section 180. As applied to adultery as a defense by way of recrimination, we quote the following from 9 Ruling Case Law, 390, Section 183: ''Adultery is generally available as a recriminatory charge in all cases. It is a rule of universal application that in reply to an application for divorce on the ground of the adultery of the defendant, he or she may allege, either by way of recrimination or cross-petition, the commission of adultery by the plaintiff, and if the charge is sustained as to both of the parties, the suit must be dismissed, provided, of course, there has been no condonation. So adultery is available in defense of a charge of cruelty  *   *   *.''

By parity of reason adultery would be a good defense to a charge of gross neglect of duty.

In the instant case the evidence clearly shows that the adulterous acts continued after the condonation of earlier offenses by the defendant, and, as they were clearly proven, the trial court had no power to disregard the settled principles of law and grant a divorce to the plaintiff. For this court to sustain its action would sanction the practice of granting divorces, not according to the law and the evidence, but according to the whim or caprice of the trial judge. Such a course steadily pursued would make of the divorce law a mere hotch-potch of meaningless rules.

We find that the judgment of the court as to divorce is manifestly against the weight of the evidence upon the defense of recrimination, and the judgment as to divorce will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

CULBERT and RICHARDS, JJ., concur.