BAEYERTZ **v.** BAEYERTZ.

*(Nashville,* December Term, 1936.)

Opinion filed January 16, 1937.

BRYAN & MAXWELL, of Memphis, for appellant.

CHANDLER, SHEPHERD, OWEN & HEISKELL, of Memphis, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

After a protracted trial on the merits, the chancellor granted a divorce to the complainant husband in November, 1934. Upon appeal to the Court of Appeals, that court first overruled a motion to dismiss the appeal because not perfected in time, but sustained, in an exhaustive opinion by Judge Anderson, a motion on several grounds to strike the bill of exceptions. This motion was sustained because it appeared that the bill of exceptions did not contain all the evidence. Later, hearing the cause on the technical record, the Court of Appeals sustained a motion, made for the first time in that court, to dismiss the bill for lack of an essential jurisdictional allegation in the bill for divorce. Petitions for *certiorari* were presented by both parties; that of Mrs. Baeyertz praying for a review of the action of the Court of Appeals in striking her bill of exceptions, for consideration in the event only that this court should reverse the decree of the Court of Appeals dismissing the suit, was

denied. The petition of Francis Baeyertz was granted and argument has been heard.

The determinative question is one of pleading which appears not to have been heretofore directly passed on by this court.

The original bill was filed on May 8, 1934, and alleged that petitioner was a resident of Shelby County, Tenn., and that the defendant was a resident of the State of Connecticut, county of Fairfield, township of Stamford, and had never been a resident of this state. It further alleged the marriage of the parties on February 23, 1918, and that prior to his removal into this state the defendant left the petitioner, and since his removal into this state she has "without a reasonable cause refused to remove with him into this State, and has willfully absented herself from him for two years." The bill then set out that before complainant moved into this state defendant had told him she did not intend to live with him and that they had better secure a divorce. That complainant, however, feeling the change of environment might enable him and defendant to patch up their differences, endeavored to induce his wife to come to Tennessee and live with him and wrote to her on several occasions to come and do so. That defendant ignored these letters and has wholly refused to come into this state and live with complainant, and refused to move into this state at the time when he came here. That when petitioner first moved into the state he offered to bring the defendant with him and she at that time refused to come and has at all times since refused to come.

Petitioner then, in the language of the statute, "avers that the defendant has refused to remove into this State

with him without a reasonable cause, and has willfully absented herself from him for two whole years.''

The petitioner further charged ''that the defendant herein deserted him in the State of New York in February, 1931, and that such desertion on her part was willful and malicious and that she had been absent from him without reasonable cause for two whole years.''

Publication was had for the defendant, but the defendant having come into the state, actual service of process was had on her. She first filed a petition for alimony and counsel fees, without answering the bill, and later filed an answer averring that she was at the time of the filing of said answer ''residing in the State of Tennessee,'' and denying all the allegations of the bill, specifically that she had refused without a reasonable cause to remove into the state with the complainant, or that he had offered to bring her into the State, and denying specifically any desertion of him.

Prior to the final hearing, various steps were taken touching allowances of alimony and expenses of the defendant and her counsel, the production of witnesses and taking of proof, and, on November 13th, defendant filed an amended answer charging adultery and various acts of cruelty and inhuman conduct justifying her in refusing to remove to Tennessee, if asked to do so.

Enough has been said to show that the ground of the petition for divorce is that set forth in Code, section 8426, subsec. (8), as follows:

''Refusal, on part of a wife, to remove with her husband to this state, without a reasonable cause, and willfully absenting herself from him for two years.''

It appears, and is conceded, that the petition alleged this ground in the language of the statute, and otherwise

complied with the statutory requirement found in Code, section 8430, that the pleader "shall set forth particularly and specifically the causes of the complaint, with circumstances of time and place, with reasonable certainty," etc.; and, also, with the verification requirements of section 8431.

However, the holding of the Court of Appeals is that the petition for divorce was fatally defective for failure to allege, further, that the complainant "did not remove from the state where she [the wife] resided for the purpose of obtaining a divorce," which fact is required by Code, section 8441, to be proven when the divorce is sought by the husband on the ground of the wife's refusal to remove with him to this state.

This section of the Code, with its italicized subheading, reads as follows:

*"Proof, when wife's refusal to remove to this state, and willful absence is cause assigned.*—If the divorce be sought by the husband on the ground of the wife's refusal to remove with him to this state, and of her willful absence for two years without reasonable cause, he shall prove endeavors to induce her to live with him after the separation, and that he did not remove from the state where she resided for the purpose of obtaining a divorce."

While, as already indicated, the evidence is not before us, it appears from the chancellor's decree that the specific proof called for by this statute was made. This decree recites "that the complainant has been for more than two whole years a resident of the State of Tennessee, and that the defendant has refused to remove with the complainant to this State without a reasonable cause, and has willfully absented herself from him for two

whole years, and that the complainant has endeavored to induce the defendant to live with him after the separation and she refused to do so, and that the complainant did not move from the State where the defendant resided for the pupose of obtaining a divorce.''

The holding of the Court of Appeals rests on its application of the familiar general rule, abundantly sustained by citations in the opinion and the briefs, that proof must conform to pleadings and be so limited— that ''no facts are properly in issue, unless charged in the bill.'' Gibson's Suits, section 142.

In reply it is said that divorce cases are purely statutory and *sui generis,* and general rules of practice do not apply; that the statute, particularly Code, section 8430, specifically prescribes what shall be pleaded, under the subheading ''Statements in pleading;'' that the maxim *''expressio unius est exclusio ulterius''* has forceful application; that as early as 1873 it was said by Judge Cooper, in *Horne v. Horne,* 1 Tenn. Ch., 259, that ''the positive restrictions of the law are confined almost entirely to a single section of the Code, 2452 [Code 1858 (section 8430, Code of 1932)], which provides that 'the petition shall set forth particularly and specially the causes of complaint, with circumstances of time and place with reasonable certainty.' '' It is also urged that this court has held in divorce cases, since 1865, that proof could be introduced whether pleaded or not, and that a complainant would have to negative statutory bars to relief whether defense was made or not. Counsel cite for this proposition: *Cameron v. Cameron,* 42 Tenn. (2 Cold.), 375; *Dismukes v. Dismukes,* 1 Tenn. Ch., 266; *McClanahan v. McClanahan,* 104 Tenn., 217, 56 S. W., 858; *Moore v. Moore,* 102 Tenn., 148, 52 S. W., 778; *Douglas v. Doug-*

*las,* 156 Tenn., 655, 665, 4 S. W. (2d), 358; *Lingner* v. *Lingner,* 165 Tenn., 525, 56 S. W. (2d), 749.

Much of this is in point and plausible. It will be observed that the Legislature has undertaken, quite definitely, to prescribe, in this statutory proceeding, (a) what shall be pleaded and (b) what must be proven. Quite plain and commonly understood phraseology is employed. After setting out, in sections 8426 and 8427, "Causes of divorce," by section 8428 residential requirements are prescribed, and by section 8429 venue provisions. Then follows 8430, prescribing what shall be stated in the pleadings, and by 8431 how the pleadings shall be verified. Other details are dealt with in sections 8432-8439. Then follow the sections expressly directed to (1) how the evidence shall be adduced (section 8440), and (2) in sections 8441 and 8442, "proof, when wife's refusal to remove to this state, and willful absence is cause assigned," and "proof, when cause is that defendant is a convict." In other words, the Code in terms distinguishes between what must be pleaded and what must be proven.

But beyond this, we are constrained to recognize an exception to the general rule invoked and applied by the Court of Appeals on the satisfying ground that in the case now before us, *the reason for the rule fails.* In the paragraph from Gibson's Suits in Chancery quoted in the brief of counsel for Mrs. Baeyertz, from which we have hereinbefore quoted a line in support of the general rule that proof must be within the pleadings, the learned author thus proceeds:

"The reason for this is that the defendant may be apprized by the bill what the charges and allegations are against which he is to prepare his defense. If the rule

were otherwise the defendant would not only not know what charges he would be required to meet, but the complainant, by thus failing to inform the defendant, would be taking advantage of his own wrong.'' The maxim applies: ''When the reason of the law ceases, so does the law itself.'' Brom. Max. 159.

How completely this ''reason'' fails when the Legislature expressly provides, as it does here, that certain proof shall be made if the statutory cause of divorce pleaded is the wife's refusal to remove to this state, etc. In more than one case this court has stressed that notice is the reason for the pleading requirements. For example, in *Brown* v. *Brown,* 159 Tenn., 551, 20 S. W. (2d), 1037, 1038, it was said:

''It must be borne in mind that reasonable certainty only is exacted, not 'mathematical certainty,' as expressed by Judge COOPER in *Dismukes* v. *Dismukes,* 1 Tenn., Ch., 266. And the manifest purpose of the statute must be borne in mind, which was to convey notice to the defendant in order that he might defend intelligently.''

Is notice of what will be proven carried to the defendant by formal allegations in a petition more effective notice to the defendant than by plain provisions of the Code set forth in the chapter dealing with ''Divorce''?

The reason for the rule of practice invoked by the Court of Appeals failing, we are constrained to give effect to the statutory directions as to what shall be set forth in the pleadings and what shall be proven thereunder, in the contingency stated, and hold that the required proof having been adduced, the pleadings were jurisdictionally sufficient.

In conclusion it may be said that in a very recent case, *Magevney* v. *Karsch,* 167 Tenn., 32, 65 S. W. (2d), 562, 92 A. L. R., 343, this court, in an opinion by the Chief Justice, has considered phases of the question of the sufficiency of pleadings in a statutory proceeding, and while perhaps not conclusively applicable here, observations therein contained are pertinent and confirmatory of conclusions herein reached.

The court considered the petition of Mrs. Baeyertz complaining of the action of the Court of Appeals in striking her bill of exceptions, but this action was so plainly called for on the record before it that her petition was dismissed for the reasons clearly set forth in the opinion of Judge ANDERSON, to which reference is made.

 This court is asked to allow and fix fees for counsel for Mrs. Baeyertz. These services have been performed in other courts, as well as here, and the petition is resisted, questioning the propriety, if not the right, of this court to act. Without adjudication, either as to the right of counsel to additional allowances, or as to the amount to be allowed, the cause is remanded to the chancery court for the consideration of these questions by that court and the taking of proof by reference, or otherwise, as may be found proper.

DeHAVEN, J., did not participate in the decision of this case on appeal.