In re Ernest E. Goodrich.

January Term, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed February 20, 1940.

*Lawrence C. Jones,* Attorney General, for the State.

*Raymond Trainor* for the respondent.

JEFFORDS, J. This is a proceeding for the disbarment of the respondent, an attorney of this Court. After the filing of the presentment and the respondent's answer thereto a commissioner was appointed to hear the evidence and find the facts. Hearing was had and the commissioner has reported the following facts herein material.

The respondent has been engaged in the practice of law in this state for about eleven years. At the June term, 1937, of the Orange County Court he was attorney for one Clifford Bingham, who was charged with and convicted of the crime of adultery and sentenced to serve a term in prison. At the same term of court he was attorney for one Mrs. Avis Flint who was charged with adultery with Bingham. After the conviction of Bingham, Avis pleaded guilty and was sentenced to a term in the women's reformatory in Rutland.

In June, 1939, the respondent acting as attorney for Avis entered in Orange County Court a libel for divorce. The libel was made out on a printed form and the blanks filled in by the wife of the respondent. She was furnished by him the information necessary for the required insertions. The libel contained the following statement: "That during said coverture the said libellant on her part has faithfully kept the marriage covenant and performed all the duties appertaining thereto." It

was subscribed to by Avis and sworn to before the respondent as notary public. The respondent at the time of appearing for Avis in the divorce matter knew that she was the same person whom he had represented in the adultery case and that she had pleaded guilty to that crime as therein charged.

The divorce case came on for hearing in July, 1939. Avis, the libellant, appeared in person and by her attorney, the respondent. The libellee did not appear in person but an appearance was entered for him on the docket by an attorney of this Court. After hearing, divorce was granted on the ground of wilful desertion, decree *nisi*. At no time before or during the hearing did the respondent advise the court of either of the two criminal cases before mentioned, nor did he ask Avis any questions which might reasonably be expected to elicit information concerning same from her. Soon after the decree had been entered the above referred to criminal cases were. brought to the attention of the court and said decree was stricken from the record and entry made of ''Libel dismissed.''

. Word was then sent to the respondent to appear before the court. He appeared and upon being questioned as to why he had brought a divorce case for Avis when two years before she had pleaded guilty to the crime of adultery he stated he did not understand that under the circumstances she was not entitled to a divorce, and further stated that he had given no thought whatever to the fact that she had pleaded guilty to the charge of adultery in connection with acting as her attorney in the divorce case.

At the time of this questioning the respondent stated to the court that ''Judge Adams refused to assign counsel to represent the said Avis Flint in the said criminal case at the expense of the state unless she would plead guilty.'' The commissioner found that this statement was made by the respondent knowingly in an attempt to justify, as far as possible, the fact that he had appeared as an attorney for Avis in the divorce proceedings and had failed to in any way mention the criminal case wherein she had pleaded guilty to the crime of adultery. It was also found that the statement was false and was known to be false by the respondent at the time he made it. At the hearing before the commissioner the respondent stated that this statement was false and offered his apology for having made the same.

■ No citation of authorities, of which there is an abundance here and elsewhere, need be given to demonstrate that this case is one which calls for disciplinary action of some sort. The permitting by the respondent of Mrs. Flint to take oath to the libel containing the false statement that she had faithfully kept the marriage covenant when he knew it to be false, together with his filing of the libel and suppression of the truth at the hearing, was highly reprehensible, as was his false assertion as to what Judge Adams had said. The oath which an attorney takes when admitted to practice commences as follows: "You solemnly swear that you will do no falsehood, nor consent that any be done in court." It is apparent that the respondent violated these provisions of his oath as well as others contained therein. His whole course of conduct in respect to the false statement in the libel and the trial of the case in court tended to pervert and obstruct justice. There is nothing in the duty of diligence which a lawyer owes to his client which in any way makes it necessary, under any circumstances, for him to practise, or permit to be practised, a fraud on the court.

■■ The statement made by the respondent to the court when questioned as to why he had brought the divorce action when the libellant therein had pleaded guilty to adultery indicated ignorance on his part of the legal effect of such adultery on the right of the libellant to obtain the divorce. That his actions were governed in part, at least, by ignorance of the law rather than wilfulness is also indicated by the fact that one of the assistant judges of the court sat in the adultery cases as well as in the divorce action. It has long been the law of this state that uncondoned adultery on the part of a libellant is a bar to the granting of a divorce brought on any ground. *Shackett* v. *Shackett*, 49 Vt. 195; *Walker* v. *Walker*, 92 Vt. 443, 104 Atl. 828. The respondent has been practising law in this state for about eleven years and if during that time he had not learned of this rule of law his failure so to do could have been brought about only by gross negligence on his part.

■■ The commissioner did not find as a fact that the respondent was ignorant of the law as his said statement tended to show. We are giving him, however, the full benefit of the import of his statement and assume such was the fact. Although such ignorance cannot excuse his actions in respect to the divorce

case, for though he may not have appreciated the importance of said statement in the libel he knew that it was false and should have had it stricken out whether to his mind it was or was not material to the issue and fully informed the court of the facts, it does tend to mitigate the seriousness of his conduct in respect to the case. We have also noted in his favor his apology for his statement concerning Judge Adams and under the circumstances are inclined to be lenient in our disposition of the instant case and suspend rather than disbar. That we have the right to so act in disbarment proceedings is fully established. *In re Aldrich,* 86 Vt. 531, 539, 86 Atl. 801.

*Judgment that said Ernest E. Goodrich is suspended from the office of attorney at law and from the office of solicitor in chancery for the period of one year beginning February 8, 1940, and ending February 7, 1941.*