PAUL MAYNARD CANNING, Complainant-Appellant,
v. ERNESTINE PAGE CANNING, Defendant-
Appellee.—443 S.W.2d 502.

Western Section. February 28, 1968.

Certiorari Denied by Supreme Court May 20, 1968.

Hearn Tidwell, E. D. Rosenstein, Memphis, for appellant.

Marshall L. Gerber, Gerber, Gerber & Lewis, Memphis, for appellee.

CARNEY, J. The complainant below, Paul Maynard Canning, has appealed from a decree of the Circuit Judge sustaining defendant's motion to withdraw the issues from the jury and dismissing complainant's suit for divorce on the grounds that the complainant's own testimony showed that at the time of the trial and many years prior thereto the complainant had been living as

man and wife with a woman other than the defendant and was therefore guilty of adultery. The defendant wife, Ernestine Page Canning, rested her case after moving to withdraw the issues from the jury and did not testify nor did she offer any proof in her behalf. Gibson's Suits in Chancery, 5th Edition, Section 586.

Before discussing the assignments of error an elaboration of the facts will be necessary. Complainant, aged now 67, is a native of New York City and the defendant, aged 61, is a native of the State of North Carolina. They were married January 31, 1941, at Orange, New Jersey. They had two sons born to the marriage. Both sons are now more than 21 years of age. Complainant is a chemist for the Donruss Company of Memphis, Tennessee. His annual salary is approximately $12,500.

The parties lived together from 1941 to 1951 in New Jersey near New York City. They separated on January 16, 1951, when the complainant left the defendant allegedly on the grounds of cruel and inhuman treatment and they have not lived together since that time. After their separation in 1951, the complainant husband continued to live in or near New York City where he was employed as secretary of the Swepts Laboratories which was a family owned business. The company was sold in 1957 when the complainant came to Memphis, Tennessee, where he has since resided. The defendant, Mrs. Ernestine Canning, has continued to live in New Jersey where she has been employed as a saleslady in a dress shop.

The boys were of tender age when their parents separated and for several years they lived in the home of their mother. The complainant testified that for the period 1951, the year of the separation, through the year

1961 he paid a total of some $74,000 to and for the benefit of Mrs. Canning and the children and that in addition permitted her to sell the home out of which she received a net balance of $10,000 making a grand total of $84,933 which he had paid to her over the period. Apparently he ceased paying any support payments to Mrs. Canning after the year 1962.

The bill for divorce was filed in the Circuit Court of Shelby County on May 6, 1966, and alleged as grounds for divorce that the defendant had an uncontrollable and violent temper and on many occasions during their marriage went into fits of rage and temper tantrums with no provocation or just reason. The bill mentioned several specific instances: (1) The complainant went to a great deal of inconvenience and expense in finding a piece of silver jewelry for the defendant's birthday and she rejected it and embarrassed complainant in a public dining room where they were having dinner with the complainant's sister and her husband. (2) On another occasion complainant and defendant met complainant's sister and her husband for dinner and dancing at Ciro's, an exclusive restaurant in New York, when the defendant became enraged simply because the complainant danced with his sister before dancing with her and she rushed out of Ciro's and took the automobile and left the others stranded and because of her furious rage wrecked the car on the way home. (3) On another occasion the complainant gave the defendant a check for $1,000 to buy a mink coat and she became furious because he didn't give her more money to buy a better mink coat and she tore up the check which he had given her. (4) On one Christmas the defendant had a temper tantrum because complainant gave her furniture for Christmas instead of some-

thing more personal. (5) Complainant averred that the defendant was a heavy and frequent drinker, constantly used vile and vulgar language, often cursed him in the presence of the children and in the presence of other people. (6) On January 16, 1951, while they were at a restaurant in Plainfield, New Jersey, with friends for dinner, the defendant publicly quarreled with complainant; they left the restaurant and defendant brought a glass containing a highball into the car. On the way home in a rage she smashed the glass in complainant's face lacerating his nose and around his eyes requiring some medical attention. It was on this occasion that the complainant left the defendant and they have not lived together since that time.

Defendant filed an answer to the original bill denying the allegation of cruel and inhuman treatment and further averring that the complainant, at the time of the filing of the bill and for several years prior thereto had been living in adultery with one whose name was unknown to the defendant and further averring that on occasions such woman posed as the wife of the complainant. The defendant prayed that she be awarded alimony and attorneys' fees and that the original bill be dismissed. She did not pray for a divorce. The jurat to her answer was as follows: "State of New Jersey, County of Essex, Ernestine Page Canning makes oath that she has read her foregoing answer and knows the contents thereof and that the same is true of her own knowledge, except as to the matters therein stated to be on her information and belief, and those matters she believes to be true. /s/ Ernestine Page Canning" before a notary public which is not clearly discernable from the record.

The complainant husband demurred to the answer of the defendant on the ground that it averred no facts sufficient to award her alimony pendente lite or otherwise and this demurrer was overruled by the court. Thereafter the complainant filed a motion to strike the answer of the defendant insofar as it set up a prayer for affirmative relief because it was insufficient in form as required by Section 21-613. Also the complainant filed a plea in abatement to the answer of the defendant asking affirmative relief in the form of alimony pendente lite because the answer had not been served on the complainant. Both the motion to strike and the plea in abatement were overruled by the court after which the complainant, by consent, agreed to pay the defendant $20.00 per week as alimony pendente lite and $100 attorney fee pendente lite. These orders were made while the Honorable Robert M. McRae was presiding over Division VIII of the Circuit Court of Shelby County.

The defendant filed an amendment to the answer which averred that the complainant began going out with a woman by the name of Jean Lovett in 1951 and that he lived with this woman in New York, New York, in 1952 and subsequent years; that the complainant and Jean Lovett had been living together as man and wife at 545 Mineral Road, Memphis, Tennessee, since approximately February, 1961, and that they had been holding themselves out as man and wife and that the complainant and the said Jean Lovett purchased a tract of real estate in Memphis, Tennessee, in the name of ''Paul Canning and wife, Jean L. Canning,'' and that on April 18, 1961, the complainant conveyed his interest in the aforesaid property to the said Jean Lovett who used the name of Jean L. Canning in the deed of conveyances; that the

complainant had listed the said Jean Lovett as an exemption on his income tax returns holding her out as his lawful wife. Further, the answer averred that the complainant, during the time he lived with the defendant, drank alcoholic beverages to excess; that in January, 1947, he stated that if he ever took another drink, he would never bother the defendant again. The defendant again prayed that the bill be dismissed and that she be awarded alimony and attorneys' fees upon the hearing. The oath to this answer was the same as that given to the original answer and made no attempt to comply with T.C.A. Section 36-806.

Upon the trial the complainant testified to the acts of cruelty set out in his original bill and in these acts he was corroborated by interrogatories propounded to his sister, Mrs. Miriam C. Anderson, of Great Neck, New York, and his sister, Mrs. Cora Sheehan, who lived at Wilton, Connecticut. Also the complainant was substantially corroborated by the testimony of his youngest son, Richard Bruce Canning, age 21 at the time of the trial who testified in open court and who had been in the military service for over four years and was about to be discharged.

On cross examination complainant admitted that he had known Jean Lovett since about 1950, and that he and Jean Lovett were living together as man and wife in Memphis, Tennessee, and that they had bought the property as husband and wife; that he later conveyed to her his interest in the property using the name Jean L. Canning; that he listed her as an exemption on his income tax return as his wife and that he was living with her at the time of the trial. Also he admitted that he had been going out with the said Jean Lovett even before he

separated from his wife in 1951 and that after the separation they shared an apartment in New York and that she came to Memphis with him in 1957 and that they had lived together in Memphis since 1957.

As stated above the Trial Court sustained the defendant's motion to withdraw the issues from the jury and on December 7, 1966, entered an order dismissing the complainant's bill for divorce with prejudice. He vacated the order theretofore entered granting the defendant alimony pendente lite. He ordered the complainant to pay solicitors for defendant the sum of $500. He dismissed the defendant's prayer for alimony without prejudice. The complainant has filed some eleven assignments of error which we will now notice:

Assignment of error No. II that the verdict is contrary to the law and evidence presents no justiciable issue to this court and is overruled without further comment.

Assignment of error No. VII that the court erred in holding as a matter of law that the proof showed the complainant was guilty of adultery and assignment of error No. V that the court erred in not submitting to the jury the question whether complainant was guilty of adultery are also without merit. The complainant's admission that for fifteen years he had cohabited with Jean Lovett, to whom he was not married, as man and wife raised the strongest inference of adultery. There was no evidence of any kind submitted by the complainant to dispel such inference and therefore, there was no evidence upon which the jury could reasonably have found the complainant not guilty of adultery. Adultery can be proven by circumstantial evidence. It is not necessary to have direct evidence of the illicit intercourse.

See Troutt v. Troutt, 35 Tenn.App. 617, 250 S.W.2d 372. Assignments V and VII are respectfully overruled.

■ Assignment of error No. IX is as follows: "The Court erred in not finding as a matter of law the affidavit of the defendant to her answer was insufficient in law and in considering any proof of the complainant's misconduct." Complainant cites and relies upon T.C.A. Section 36-806 and the cases of DeArmond v. DeArmond, 92 Tenn. 40, 20 S.W. 422; Wagner v. Wagner, 8 Higgins Ct. of Civ.App. 254; McFerrin v. McFerrin, 28 Tenn. App. 552, 191 S.W.2d 946; and Rayl v. Rayl, Tenn.Chan. App., 64 S.W. 309.

T.C.A. Section 36-806 provides as follows:

"36-806. Verification of petition.—The bill or petition shall be verified by an affidavit, upon oath or affirmation, before a justice of the peace, notary public, or the judge or clerk of the court, or as provided in secs. 7-304—7-307, that the facts stated in the bill are true to the best of the complainant's knowledge and belief, and that the complaint is not made out of levity, or by collusion with the defendant, but in sincerity and truth, for the causes mentioned in the bill. The authority conferred in said secs. 7-304—7-307 may be exercised beyond the continental limits of the United States."

The cases cited by the complainant do hold that the affidavit in the words of the statute is jurisdictional. If the deficiency of the affidavit in the petition for divorce is not raised by the pleadings, the court itself can and must raise such question. McFerrin v. McFerrin, 28 Tenn.App. 552, 191 S.W.2d 946. However, in the case at bar the defendant did not file a cross-bill for the purposes

of obtaining a divorce. The cross-bill only sought recovery of alimony and support.

T.C.A. Section 36-810 provides as follows:

"36-810. Defense by answer, plea or demurrer.— The defendant may appear according to the rules of the court and answer to the bill upon oath or affirmation, or plead or demur to the same."

We do not find any case where this specific question has been raised in Tennessee. On principle we hold that an answer and cross-bill which does not seek a divorce need not be verified in accordance with Section 36-806 but the oath may be in the words similar to oaths generally made to answers and cross-bills in other chancery or equitable proceedings. Therefore, assignment of error No. IX is respectfully overruled.

■ By assignment of error No. X the appellant, Mr. Canning, insists that His Honor the Trial Judge erred in not requiring the defendant wife to prove affirmatively her character for virtue and chastity from the date of the separation of the parties to the date of the trial. The husband does not question the right of the defendant wife, Mrs. Ernestine Canning, to rely upon his adultery as a defense to his suit for divorce. However, he insists that under T.C.A. Section 36-811 she would have been required to have proven freedom from adultery on her part if she had sought a divorce from him on the grounds of adultery.

Recrimination is defined as follows in 17 Am.Jur. 267, Divorce and Separation, Section 233: "It is a general principle of the common law that whoever seeks redress for the violation of a contract resting upon mutual and dependent covenants, in order to obtain success, must

himself have performed the obligations on his part. Something analogous to this principle is found in the doctrine of recrimination or compensatio criminis, which was originally borrowed from the canon law, by which the defendant in divorce proceedings is permitted to contest the plaintiff's application on the ground of his own violation of the marriage contract, in order to set off, to use the language of the cases, the equal guilt of the plaintiff. It is well settled in this country under the doctrine of recrimination that the defendant to an action for divorce may set up as a defense in bar that the plaintiff was guilty of misconduct which in itself would be a ground for divorce. This right to set up one matrimonial offense in bar of another is an application of the equitable rule that one who invokes the aid of a court must come into it with a clear conscience and clean hands, and although the misconduct of the plaintiff occurs after the commencement of his or her suit, it is as fully effective to bar the right to a divorce therein as if it had occurred previous to the commencement of the suit.''

It is the rule in many jurisdictions that recrimination is an absolute bar to the granting of a divorce. The rule sometimes is expressed that if both parties have a right to a divorce neither of the parties has a right. Tennessee is considered by the text writers as being in that group. Brewies v. Brewies, 27 Tenn.App. 68, 178 S.W.2d 84; Douglas v. Douglas, 1927, 156 Tenn. 655, 4 S.W.2d 358, 24 Am.Jur.2d, Divorce and Separation, Section 226.

As a general rule a recriminatory offense need not be of the same nature as the offense of which the defendant is guilty. There is some authority, either by force of precedent or statute, that an offense committed by plain-

tiff in order to be effectual as a plea in recrimination must be of the same character as that relied on by him as a ground for divorce. The ecclesiastical courts in England refused to grant a divorce when husband and wife were guilty of some offense which constituted the cause of divorce whether or not the offense was similar. Adultery of the complaining party generally is a bar to a divorce on any ground. Hull v. Hull, 201 Md. 225, 93 A.2d 536; Karpanty v. Karpanty, 39 Ohio App. 194, 177 N.E. 521; Walker v. Walker, 92 Vt. 443, 104 A. 828; In re Goodrich, 111 Vt. 156, 11 A.2d 325. See 27A C.J.S. Divorce sec. 67, page 234, for a compilation of the above authorities.

Other jurisdictions hold that the fact that the plaintiff committed a marital offense is not an absolute bar to divorce but that the Trial Court has the discretion to grant a divorce notwithstanding the misconduct of the petitioner or that the doctrine of comparative rectitude should be applied. The doctrine of comparative rectitude may be defined as the principle that where both parties are guilty of misconduct for which a divorce may be granted the court will grant a divorce to the one who is less at fault. 24 Am.Jur.2d, Divorce and Separation, Sections 227 and 228.

Tennessee has two statutes providing for recriminatory defenses, T.C.A. Sections 36-811 and 36-818 which are as follows:

"36-811. Defense when ground is adultery.—If the cause assigned for the divorce be adultery, it shall be a good defense and perpetual bar to the same if the defendant allege and prove:

(1) That the complainant has been guilty of like act or crime.

(2) That the complainant has admitted the defendant into conjugal society and embraces after knowledge of the criminal act.

(3) That the complainant, if the husband, allowed of the wife's prostitutions and received hire for them.

(4) That he exposed her to lewd company whereby she became ensnared to the act of crime aforesaid."

"36-818. Defense when ground is mistreatment or neglect.—If the cause assigned for a divorce be any of those specified in Sec. 36-802, the defendant may make defense by alleging and proving the ill conduct of the complainant as a justifiable cause for the conduct complained of, and on making out the defense to the satisfaction of the court, the bill may be dismissed with or without costs, in the discretion of the court."

T.C.A. Section 36-802 providing for divorce from bed and board or divorce a vinculo is as follows:

"36-802. Causes of divorce from bed and board or from bonds of matrimony. The following shall be causes of divorce from bed and board; or from the bonds of matrimony, in the discretion of the court:

(1) That the husband or wife is guilty of such cruel and inhuman treatment or conduct towards the spouse as renders cohabitation unsafe and improper, and, in the case of the wife, to be under the dominion and control of the husband.

(2) That the husband has offered such indignities to the wife's person as to render her condition intolerable, and thereby forced her to withdraw.

(3) That he has abandoned her, or turned her out of doors, and refused or neglected to provide for her.''

■ We are cited to no case in Tennessee which holds that adultery by the husband is an absolute bar to his right to a divorce on the grounds of cruel and inhuman treatment. Though the question was not raised by appellant, in conference Judge Bejach expressed grave doubt whether adultery of the husband would bar his right to a divorce on the grounds of cruel and inhuman treatment since the statute made no provision therefor. We do have at least three cases from the Tennessee appellate courts dealing with the subject of recrimination in divorce suits.

In Douglas v. Douglas, 1927, 156 Tenn. 655, 4 S.W.2d 358, the Trial Court granted a divorce to the husband on the ground of two years' desertion. The Court of Appeals reversed because the Trial Judge had refused the wife permission to introduce testimony that she separated from her husband because of his cruel and inhuman treatment. The testimony of the wife was excluded by the Trial Court on the theory that the facts proposed to be proven by her had been adjudicated against the wife previously in a suit brought by her for divorce on the identical grounds, namely cruel and inhuman treatment.

The parties were married in 1920. In 1922 the wife brought suit for divorce charging cruel and inhuman treatment and abandonment in the language of the statute. The case was heard on the merits and adjudged against her. In 1926 the husband brought suit for divorce on the grounds of desertion. The Supreme Court reversed the Court of Appeals and affirmed the action of the Trial Judge awarding the husband an absolute di-

vorce. From the opinion of Mr. Justice Chambliss we copy as follows:

"In order for the defendant wife to defend successfully this suit of the husband for divorce brought on the ground of desertion, it was necessary for her to prove conduct on his part which would have entitled her to divorce because of such conduct. This was the identical issue, as appears from this record, which was passed upon and adjudicated against her in the former suit brought by her. 'The general rule is that one spouse is not justified in leaving the other unless the conduct of the offending spouse is such as would in itself constitute a ground for divorce.' 19 C.J., p. 80; Id. secs. 116-117 and notes. While it appears that some courts have applied a different rule on grounds of public policy, where justice so required, examination of these exceptional cases indicates that they were extreme cases of misconduct on the part of the husband, which probably in this state and under our practice would have been held to constitute grounds of divorce from bed and board. 'Justifiable cause which will excuse a husband or wife for leaving the other must be such as could be made the foundation of a judicial proceeding for divorce a mensa et thoro.' Reynolds v. Reynolds, 68 W.Va. 15, 69 S.E. 381, Am.Cases 1912A, 889. And 'The testimony required to bar a petitioner's right to relief in a suit for divorce must reach that degree of proof which is required to establish a matrimonial offense which would have entitled a defendant to affirmative relief, if it had been asked for.' Letts v. Letts, 79 N.J.Eq. 630, 82 A. 845, 13 Ann.Cas. 1913A 1236.''

In Brewies v. Brewies, 1943, 27 Tenn.App. 68, 178 S.W. 2d 84, the Trial Judge awarded the complainant husband a divorce from the wife on the grounds of cruel and inhuman treatment and also awarded the wife a divorce on the grounds that her husband "walked out on cross plaintiff and refused longer to live with her." Both parties appealed. This court, speaking through the late and much lamented Judge Winfield Hale, stated that the decree was self emasculating and could not stand. After quoting the general rule relating to the doctrine of recrimination as a defense in divorce actions found in 17 Am.Jur. 267, this Court held neither party was entitled to a divorce and reversed and remanded the cause.

In Schwalb v. Schwalb, 1955, 39 Tenn.App. 306, 282 S.W.2d 661, at page 330, this court, speaking through Judge Bejach, made the following statement:

"* * * If it be contended that this judgment had the same effect as a holding that both parties were entitled to a divorce, thus annulling the right of either to a divorce, while it is true that if the conduct of both parties has been such as to furnish grounds for divorce, neither party is entitled to relief; nevertheless, to bar a petitioning husband's right to relief, the defending wife must prove a marital offense on the part of her husband which would have entitled her to a divorce if she had asked for it. Douglas v. Douglas, 156 Tenn. 655, 660, 4 S.W.2d 358; Brewies v. Brewies, 27 Tenn.App. 68, 72, 178 S.W.2d 84; 17 Am.Jur.Pr. Divorce and Separation, Sec. 234, p. 268."

In Elrod v. Elrod, 1956, 41 Tenn.App. 540, 296 S.W.2d 849, 856, the husband brought an original bill for divorce on the ground of cruel and inhuman treatment. The Chancellor found that the grounds for divorce occurred

out of the State of Tennessee and that the complainant husband had not been a resident of Tennessee for two years prior to the filing of the bill as required by T.C.A. Section 36-803 and therefore he dismissed the original bill for divorce. The Chancellor also dismissed the cross-bill of the defendant wife who had sought separate maintenance because he found her guilty of "such conduct and treatment to the complainant as to deprive her of any right of support by him." The husband did not perfect an appeal from the Chancellor's decree. The wife did not appeal but filed the record for review by writ of error. Upon review by this court in an opinion by Judge Bejach we found that the defendant wife had been guilty of such cruel and inhuman treatment toward the complainant husband as would have authorized him to obtain a divorce if he had had two whole years residence in Tennessee as required by the statute and that therefore he had an adequate defense to the action of the cross-complainant Mrs. Elrod's cross-bill for separate maintenance even though he was not entitled to a divorce.

In view of the broad language contained in the cases above discussed by the appellate courts of Tennessee we hold that the admitted adultery by the complainant was a complete bar to his right to a divorce on the alleged grounds of cruel and inhuman treatment. See also annotation in 101 A.L.R., page 646, on the topic of subsequent adultery as a recriminatory defense to desertion or cruelty.

In the instant case it is the contention of the complainant, Paul M. Canning, that before the defendant wife could rely upon the complainant's adultery as a recriminatory defense to his action for divorce it was incumbent upon the defendant wife to prove affirma-

tively her virtue and chastity because she would have had to have made such proof affirmatively if she had in fact sought a divorce on the grounds of adultery in the present case.

The complainant cites Cameron v. Cameron, 42 Tenn. 375. In that case the husband sued the wife on the grounds of adultery and a pro confesso was entered against the wife. The Chancellor dismissed complainant's original bill because the evidence did not prove affirmatively that the husband had not been guilty of a like offense even though the adultery of the wife was clearly proven. The Supreme Court of Tennessee upheld his action. The Supreme Court quoted Code Section 2460 (now 36-811, copied above) and made the following statement:

"* * * The Court is bound to take judicial notice of the requirements of the Statute; and it must appear affirmatively by satisfactory proof of good character, or otherwise, that none of those defenses exist, before the Court is authorized to dissolve so solemn a relation as that of husband and wife. And this is as necessary after judgment pro confesso, as after admission of the facts charged in the bill. The evidence, and not the pleadings and presumptions of law, constitute the ground of divorce; and no presumptions of good character or conduct which might arise, nothing appearing to the contrary in other cases, are sufficient, in cases of divorce, to supersede the necessity of affirmative proof.

Affirm the decree."

The holding of Cameron v. Cameron was followed by Chancellor Cooper in the cases of Horne v. Horne, 1873,

1 Cooper's Tennessee Chancery Reports, page 259, and Dismukes v. Dismukes, 1873, 1 Cooper's Tennessee Chancery Reports, page 266. A study of Shepherd's Tennessee Citations indicates that the holding of Cameron v. Cameron was cited but differentiated in the cases of McClanahan v. McClanahan, 1900, 104 Tenn. 217, 56 S.W. 858, and Baeyertz v. Baeyertz, 1936, 171 Tenn. 190, 101 S.W.2d 689. The ruling of Cameron v. Cameron has not been discussed in any of our later appellate cases as far as we can find. It seems to the writer that Cameron v. Cameron was an extreme opinion which completely ignored the first sentence of the statute (T.C.A. sec. 36-811): "If the cause assigned for the divorce be adultery, it shall be a good defense and perpetual bar to the same *if the defendant allege and prove* * * *." (Italics ours)

█ We do not think the rule of Cameron v. Cameron should be extended. We hold that in the case at bar it was only necessary for the wife, in order to defeat the husband's claim for divorce, to prove that he was guilty of adultery unless her chastity was put in issue. She proved adultery by the testimony of the appellant husband himself in open court. There was not a scintilla of proof regarding her chastity. It is the conduct of the husband which bars his right to a divorce. If the defendant wife had testified in open court that she was also guilty of adultery, it would not have exonerated the complainant husband from his guilt so as to have entitled him to a divorce. Therefore, it was not necessary for the defendant wife to prove affirmatively chastity and freedom from like offense. We think this holding is consistent with our opinion in Elrod v. Elrod, supra, in which we held that the wife must be denied separate maintenance and support on her cross-bill because of her own mis-

conduct even though the husband was not entitled to a divorce because of the lack of two years' residence in Tennessee prior to filing the bill. Accordingly, assignment of error No. X is overruled.

■ Assignment of error No. XI insists that the court erred in not permitting Richard Canning, youngest son of the parties, to testify concerning a relationship between the defendant and Walter Van Riper, the defendant's New Jersey attorney. The record does not show what this testimony would have been. Therefore, this court cannot hold it reversible error for the court to have refused examination of young Canning along this line. T.C.A. Section 27-117.

■ Assignment of error No. VI insists that the court erred in not submitting to the jury the question of whether the defendant wife was guilty of cruel and inhuman treatment toward the complainant. By assignments of error III, IV, and VIII complainant insists that the proof showed the defendant to have been guilty of cruel and inhuman treatment and insists that the court erred in withdrawing the case from the jury or that in the alternative the court should have awarded the complainant husband a divorce. Except for the affirmative uncontradicted admission by the complainant of his adultery it would have been necessary for the Trial Court to submit the issues of defendant's alleged cruel and inhuman treatment to the jury. However, since the husband admitted conduct which absolutely barred his right to a divorce, His Honor the Trial Judge will not be held in error in withdrawing the issues from the jury and dismissing complainant's original bill for divorce. Therefore, all assignments of error are respectfully over-

ruled and the judgment of the low court will be affirmed at the cost of the appellant.

Avery, J. concurs and Bejach, J., dissents.

BEJACH, Judge.

I respectfully dissent from the majority opinion in this cause. The majority opinion affirms the action of the trial judge in granting a motion by the defendant wife to withdraw the issues from the jury and dismiss complainant's suit. The cause was being tried to a jury and the ground for divorce alleged was cruel and inhuman treatment. As is stated in the majority opinion, complainant had not only adduced some substantial proof tending to sustain the charge of cruel and inhuman treatment, but had adduced proof corroborating same. In that situation, it is my opinion that the trial judge erred in withdrawing the issues from the jury. Section 36-811 T.C.A. provides: "If the cause assigned for the divorce be adultery, it shall be a good defense and perpetual bar to the same if the defendant allege and prove:

"(1) That the complainant has been guilty of like act or crime."

I find in the Code no similar provision with reference to other grounds of divorce. Section 36-818 T.C.A. does provide:

"Defense when ground is mistreatment or neglect. —If the cause assigned for a divorce be any of those specified in sec. 36-802, the defendant may make defense by alleging and proving the ill conduct of the complainant as a justifiable cause for the conduct complained of, and on making out the defense to the

satisfaction of the court, the bill may be dismissed with or without costs, in the discretion of the court."

36-818 T.C.A. is applicable, however, in my opinion, only where such defense as is therein authorized be, also, one of the grounds for divorce provided for in 36-802 which are, 1. Cruel and inhuman treatment, 2. Offering indignities to the person, and 3. Abandonment or turning out of doors, and neglecting to provide. The right to divorce in Tennesssee is purely a statutory right, and nowhere in our statutes do I find any provision for the defense of recrimination as set out in the majority opinion.

Even if it be true, as is set out in the majority opinion, that any ground for divorce on the part of the petitioning spouse would constitute a defense, adultery of the complainant in the instant case would not constitute such defense, because the defendant did not allege and prove that she was not guilty of a like offense, as is required by the decision of the Supreme Court in Cameron v. Cameron, 42 Tenn. 375. Defendant's answer and cross bill did not have attached to same the oath required by section 36-806 T.C.A., which affidavit is a jurisdictional prerequisite, as was held in Wagner v. Wagner (1918), 8 Tenn.Civ.App. 254; Carter v. Carter (1944), 28 Tenn. App. 478, 191 S.W.2d 451; McFerrin v. McFerrin (1945), 28 Tenn.App. 552, 191 S.W.2d 946, 948. Since defendant's answer and cross bill did not meet the requirements of 36-806 T.C.A. notwithstanding the fact that complainant's own testimony admitted adultery on his part, defendant, on authority of Cameron v. Cameron, 42 Tenn. 375, could not have obtained a divorce on that ground. The majority opinion holds that the rule of Cameron v.

Cameron should not be extended. In my opinion, this is not an extension of that rule, but is a mere application thereof.

Since this cause was being tried before a jury, it is my opinion that admission of adultery by complainant did not bar his right to a divorce on the ground of cruel and inhuman treatment if the jury had found that the defendant was guilty of such offense, as charged. It is therefore my opinion that this cause should be reversed and remanded for a new trial so that that issue may be submitted to a jury.