**Banks P. FOX, Plaintiff/Counter-Defendant and Appellee,**

v.

**Kathryn H. FOX, Defendant/Counter-Plaintiff and Appellant.**

Supreme Court of Tennessee, at Nashville.

Sept. 24, 1984.

A.B. Neil, Jr., Nashville, for defendant/counter-plaintiff and appellant.

John R. Cheadle, Sr., Nashville, for plaintiff/counter-defendant and appellee.

## OPINION

DROWOTA, Justice.

We granted Appellant's Rule 11 Application for Permission to Appeal in order to consider the difficult question of whether a divorce may be granted upon the statutory ground of cruel and inhuman treatment, when both parties to the divorce action have committed adultery during the marriage. In this case, both the trial court and the Court of Appeals have found the Appellant guilty of cruel and inhuman treatment and awarded her husband a divorce. Appellant contends that once there is proof of adultery on the part of both parties, as in this case, neither party is entitled to a divorce. We disagree and affirm the judgment of the trial court.

Appellant is correct in stating that when both parties are guilty of adultery, the trial court would be in error in granting a divorce to either party on the ground of adultery. *See,* T.C.A. § 36–811. However, a trial court can, as it did in this case, grant a divorce on the ground of cruel and inhuman treatment not withstanding the fact that both parties committed adultery. It should be pointed out that a successful party cannot use adultery to support cruel and inhuman treatment, for there must be substantial proof of cruel and inhuman treatment without regard to the charge of adultery. In this case, Plaintiff-appellee has established that the evidence supports a finding of cruel and inhuman treatment, without regard to the adultery charge.

Mr. Fox brought suit for absolute divorce alleging cruel and inhuman treatment and irreconcilable differences. Mrs. Fox filed an answer and counter-complaint denying the allegations of misconduct and charging Mr. Fox with cruel and inhuman treatment. At trial each party orally moved the court to amend their respective pleadings to include the additional ground of adultery, and identical pleas of recrimination were filed.

The record reflects that the parties were married in Brooklyn, New York, on April 13, 1944, and were separated in Nashville on March 27, 1974. Mr. Fox filed for divorce on July 30, 1981, and the trial was conducted on April 13, 1982—on the parties' thirty-eighth anniversary. On the date of trial, Mr. Fox was 59, Mrs. Fox was 55, and their children were 35 and 26 years of age.

Mrs. Fox was a resident of Brooklyn and Mr. Fox was stationed there at the naval air station when they met in 1943. After Mr. Fox was discharged from the service, the parties returned to his home in Siler City, North Carolina, where they lived until they moved to Nashville in 1957.

In the early stages of their marriage, while living in North Carolina, Mrs. Fox began seeing another man and wanted to leave her husband. A second affair also occurred while the parties were still living in North Carolina.

In 1959, while the parties were living in Nashville, Mr. Fox returned home one day to find a close friend of his in a compromising position with his wife. She candidly admitted to having an intimate relationship. Mr. Fox testified that one of the reasons he continued the marriage was because he "wanted the children to get grown." The separation occurred in 1974, when the

youngest child was 19 years of age. The parties had not slept in the same bedroom together since 1962.

Mr. Fox testified that he had no affairs and that he had gone with no woman other than Mrs. Fox through the 1950's. However, he acknowledged having affairs during the 1960's and that he had been living with another woman since 1975. Mrs. Fox had been living with another man four or five years preceding the trial. It is apparent to the majority of this Court that the marriage of the parties is beyond salvation.

There was testimony that Mrs. Fox had a bad temper, and on at least two occasions she broke dishes in fits of anger; that Mrs. Fox struck Mr. Fox with a paperweight; that Mrs. Fox cursed Mr. Fox in the presence of his brother and his fiancée because Mr. Fox objected when Mrs. Fox withdrew funds from their account and sent their daughter to New York for an abortion without Mr. Fox's knowledge.

With this proof, without regard to the adulterous conduct of both parties, there is clearly sufficient evidence to support a divorce on the ground of cruel and inhuman treatment. Accordingly, the judgment of the trial court and Court of Appeals is affirmed. We realize that this holding is in conflict with an earlier decision by the Court of Appeals in *Canning v. Canning*, 443 S.W.2d 502 (Tenn.App.1968). Insofar as *Canning* held that adultery by a party was a complete bar to the right of that party to a divorce on the grounds of cruel and inhuman treatment, we feel compelled to overrule *Canning*. A majority of this Court feels that substantial justice would not be accomplished by denying these parties a divorce as the dissent suggests. No useful purpose can be served by a legally commanded continuance of a marriage which exists in name only. The costs of this cause are taxed to Appellant, Mrs. Fox.

FONES and BROCK, JJ., concur.

COOPER, C.J., and HARBISON, J., dissenting.

HARBISON, Justice, dissenting.

I respectfully dissent for the reasons stated in the dissenting opinion filed in the case of *Chastain v. Chastain*, 559 S.W.2d 933, 936 (Tenn.1977).

I am authorized to state that Chief Justice Cooper joins in this dissent.